103 N.J. Super. 154 (1968)
246 A.2d 746
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAY E. THOMAS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Decided October 11, 1968.
*155 Before Judges SULLIVAN, FOLEY and LEWIS.
Mr. Stanley R. Katz, assigned counsel, argued the cause for appellant.
*156 Mr. Elliot L. Katz, Assistant Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney; Mr. Thomas L. Yaccarino, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
Defendant and one William Rose were indicted for breaking and entering into a building belonging to Fred C. McMahan and the larceny of certain items of personal property therefrom. They were tried by a jury which returned verdicts of not guilty of breaking and entering, but guilty on the charge of larceny.
The pertinent proofs of the State may be summarized as follows. Mr. McMahan owned a garage type building in which he stored numerous items of personal property. McMahan had last seen these items in the building just prior to his going on vacation in the middle of August 1966. When he returned about September 10, 1966 he found a rear window screen cut out and the front overhead door unlocked and opened. A number of the items of personal property stored in the building were missing. Chris Meeth Jr. testified as a witness for the State that in the latter part of August 1966 defendant and Rose came to the service station which he operated and sold him items of personal property later identified as being some of the items missing from McMahan's building. According to Meeth, defendant and Rose told him that the items they were selling came "from their father's or grandfather's garage"  that he had passed away and they were cleaning out the garage. John R. Blewett also testified as a witness for the State. He identified defendant and Rose as the two men who in the early part of September 1966 came to his place of business and sold him a quantity of scrap, copper, and brass, later identified as part of the items missing from the McMahan building. According to Blewett, he asked defendant and Rose where they got the "stuff" and they said that "their father" had died and that they were cleaning out the garage.
*157 On this appeal, defendant makes three contentions. First, it is argued that the jury verdict was inconsistent and therefore necessarily represented mistake, prejudice, partiality or compromise on the part of the jury. Second, defendant contends that the prosecutor erroneously caused defendant to be indicted for breaking and entering and larceny when, in fact, the only possible indictment under the evidence should have been for receiving stolen goods. Third, defendant argues that the trial court prejudiced defendant's right to a fair trial by failing to specifically tell the jury that mere possession does not constitute larceny, counsel for defendant having requested such a charge.
As to the first point, we do not agree that the jury verdict was necessarily inconsistent. In State v. Dancyger, 29 N.J. 76, 92-93 (1959), where the jury did not find the defendant guilty of breaking and entering, but found him guilty of the larceny, the Supreme Court held that such a verdict was not inconsistent and did not demonstrate that the jury compromised on the issue of liability. In the instant case, the jury was charged that the State had to prove beyond a reasonable doubt that defendant and Rose broke into McMahan's garage. Since the proofs showed that the overhead door of the garage was found open, the jury may not have been satisfied that the actual breaking had been committed by these two, even though it was satisfied that they entered the garage and stole some of the personal property therein. It does not appear that the verdict prejudiced the defendant in any way.
Next, defendant argues that the only possible indictment under the evidence should have been for receiving stolen goods. We do not agree. This State follows the general rule that the unexplained and exclusive possession of stolen property shortly after the theft justifies an inference that the possessor is the thief. State v. Dancyger, supra, pp. 85-86. In the instant case, while the State was not able to produce evidence as to the exact date on which the larceny took place, it was proved that it had to have been committed after *158 August 15 and some time prior to the end of August, when defendant sold some of the stolen items to Chris Meeth Jr., an interval of some 14 days. In our opinion, considering the nature of the stolen goods (a chain saw, a welder, a Quarter Midget automobile, a minibike, snow blower, electric can opener, assorted hand tools, an electric drill, scrap copper wire with the insulation burned off and brass valves and faucets) and defendant's false explanation to Meeth and Blewett of how the goods came to be in his possession, together with the relatively short period of time involved, a jury could have properly inferred that defendant had committed the larceny.
As to defendant's third point, after the jury had been charged, counsel for defendant stated that there were no objections, but he would like to have included a reference to the fact that mere possession did not constitute larceny. To this the court answered that it had charged the jury as to the elements of larceny and that the requested instruction was unnecessary.
We see no error. The court, after reading the provisions of the larceny statute to the jury, charged as to the elements of the crime, including the necessity for proving a felonious or wrongful taking with the intent to deprive the owner of his property, the court adding: "Fraudulent intent is a necessary element of larceny." Defendant's requested charge may have been correct as an abstract principle of law, but when viewed against the background of the State's proofs it was not accurate. As heretofore noted, possession of stolen property under certain circumstances is evidence from which a jury may properly infer that the possessor committed the larceny.
The dissent filed herein finds prejudice to defendant amounting to "plain error" in that the trial judge did not charge the jury that mere possession of stolen property was not evidence of larceny unless the interval of time separating the theft from the possession was so short as to permit the minds of reasonable men to conclude beyond a reasonable *159 doubt that defendant was the thief. No request for such a charge was made, nor was any objection made to the charge on this score. Defendant has not even raised this as an issue on appeal.
Moreover, the trial court, in its charge, not only defined the elements of larceny, as heretofore noted, but also explained the nature of circumstantial evidence. It then alluded to the interval of time by outlining to the jury the proofs concerning Mr. McMahan's having last seen the items of personal property in his garage on or about August 15, and Mr. Meeth and Mr. Blewett having purchased some of the stolen items from defendant and Rose in late August and early September. The court then added:
"So what the State asks you to infer is that Thomas and Rose both broke into McMahan's garage, they stole this material, they were in possession of it and that the proof of the pudding is the fact that they had it and tried to sell it and, in fact, did sell it."
Under all of the circumstances, "plain error" has not been shown.
Affirmed.
FOLEY, J.A.D. (dissenting).
I disagree with the majority in what I deem to be one vital particular. While the trial court charged the elements of larceny satisfactorily, I think that under the facts of this case it was incumbent upon the judge to submit to the jury the question of whether the time when the stolen goods were determined to be in the possession of defendant (the latter part of August), in relation to the theft which occurred on or after August 16, was of a sufficiently short duration to enable the jury to rationally conclude that defendant was the thief.
In support of its conclusion the majority relies upon State v. Dancyger, 29 N.J. 76 (1959) which adopts the principle that the unexplained and exclusive possession of stolen property shortly after the theft justifies an inference that the possessor is the thief. In Dancyger, however, the *160 evidence concerning the time element cogently supported a permissible inference of defendant's guilt. There, the jury could have concluded that the larcenous taking occurred some time after 11:00 A.M. on July 30, and that defendant pawned under an assumed name a part of the stolen jewelry in New York City between 3:30 P.M. and 4:40 P.M. on the same day. The proofs further showed that defendant was in possession of other fruits of the theft the following day in Poughkeepsie, New York, (see 29 N.J. 85).
Here, there was no proof of the specific date on which the larceny had taken place. It could have occurred at any time on or after August 16 and until the goods were discovered in defendant's possession in "the latter part of August."
Assuming arguendo that the time element was a question for the jury, the least defendant was entitled to was an instruction by the court that the mere possession of stolen property was not evidence of larceny unless the interval of time separating the theft from the possession was so short as to permit the minds of reasonable men to conclude beyond a reasonable doubt that defendant was the thief. While this is not the only circumstance which is relevant to the ultimate determination of guilt the extreme importance of it is emphasized and highlighted in the Dancyger opinion.
In my judgment the charge as given had the capacity to convey to the layman the impression that the mere possession of the goods in the latter part of August, of itself, without consideration of when they were stolen, or of any other circumstances, was a sufficient basis for concluding that defendant was guilty beyond a reasonable doubt. That I do not believe to be the law, and if it was the basis of the jury determination "plain error" exists.
Furthermore, as the majority notes, at the conclusion of the charge defendant's attorney, while stating he had no objections, said that he would like to have included a reference to the fact that mere possession did not constitute larceny. This served to bring to the trial court's attention the *161 important role which "possession" played in the factual context of the case. Since in the main charge the judge had said nothing on this subject I think that in the interest of a fair trial he should have charged the rule of Dancyger, supra.
For these reasons I would reverse and remand for a new trial.