133 N.J. Super. 168 (1975)
336 A.2d 4
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT PASTORE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 28, 1975.
Decided March 19, 1975.
*170 Before Judges LYNCH, ALLCORN and FURMAN.
Mr. Stanley C. Van Ness, Public Defender, attorney for the appellant (Mr. Edward P. Hannigan, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General, attorney for the respondent (Ms. Helen Szabo, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant appeals his convictions of the offenses of (1) breaking and entering with intent to steal and (2) larceny, entered upon jury verdicts.
*171 Initially, our review of the record satisfies us that there was sufficient proof the guilt of defendant to justify the verdicts of the jury on both charges. Contrary to the assertion of defendant, those proofs included considerable evidence other than and in addition to the evidence of defendant's statement that he was in possession of the stolen property. There was error neither in the denial of defendant's motions for judgment of acquittal nor in the denial of his motion for a new trial.
The defendant takes exception also to the failure of the trial judge to charge the jury that "evidence of mere possession of the stolen property was not evidence of larceny unless the time interval between theft and possession was so short as to permit a reasonable man to conclude that defendant was the thief. * * *" It is significant that trial counsel made no request whatever for such an instruction, nor did he take exception to the omission of such an instruction from the charge as given. Equally worthy of note is the fact that the trial judge did not charge the basic proposition as to the permissible inference arising from recent possession of the stolen property.
It has long been an accepted principle that "unexplained and exclusive possession of stolen property shortly after the theft justifies an inference that the possessor is the thief." That principle was so stated more recently in State v. Dancyger, 29 N.J. 76, 85 (1959), cert. den. 360 U.S. 903, 79 S.Ct. 1286, 3 L.Ed.2d 1255 (1959), and was there further explicated by the accompanying comment that "the shorter the period between the theft and the possession the stronger this inference becomes." Id. In Dancyger, this principle was enunciated as a proper yardstick to be applied by the court in passing upon motions for acquittal addressed to the sufficiency of the evidence at the close of the State's case and at the end of the entire case.
Quite obviously, the principle is nothing more nor less than a statement of elementary logic which anyone, judge or juror, would apply as a matter of common sense in evaluating *172 this single piece of circumstantial evidence in the setting of all the other evidence in the case. Thus, the principle is not a rule of law in the sense that the trial judge is required to specially instruct the jury with respect thereto in a case in which there is evidence of recent possession by defendant, any more than the trial court is required to specially instruct the jury concerning the inference that may be drawn from any other piece or segment of evidence in the case, circumstantial or direct. In any event, even assuming it to be appropriate for the trial judge to specially instruct a jury as to the inference that may be drawn from recent possession of stolen property, there is no obligation on the judge to so charge in the absence of a request therefor.
Additionally, it should be noted that defendant does not claim any error by virtue of the failure of the judge to instruct the jury on the inference itself. His assertion of error goes only to the failure to charge that "mere possession of the stolen property was not evidence of larceny unless the time interval between theft and possession was so short as to permit a reasonable man to conclude the defendant was the thief." In effect, defendant thus seeks to avail himself of the benefits of a qualifying integral part (the time lapse) of the principle without subjecting himself to the risk of the likely prejudicial effect of an instruction setting forth the fundamental principle and inference itself. At the same time, defendant would place upon the trial judge the obligation of giving this incomplete and distorted instruction on his own motion.
It is significant that neither defendant who advances the contention nor the dissent which endorses it, has supplied a single supporting authority other than a dissenting opinion in State v. Thomas, 103 N.J. Super. 154 (App. Div. 1968). Of further significance is the fact that the majority in Thomas rejected the contention out of hand, despite the fact that counsel for defendant had there requested such a charge of the trial court  unlike the present case where no request *173 was made, no objection was taken, and the contention is raised as plain error. In our view, the contention is without substance or merit.
Equally devoid of merit is defendant's contention that the trial judge erred in the definition of "breaking" contained in the charge, as supplemented. So far as concerns the sentences imposed (three to five years incarceration on the breaking and entering charge and a concurrent two to three year term on the larceny charge), they were eminently reasonable and well warranted when viewed in the light of the nature of the offenses of which defendant was convicted and the information set forth in the presentence report, including the prior record.
Lastly, defendant argues and the State concedes that defendant was entitled to credit on account of his sentences for the period that he was incarcerated between the date of his arrest (January 4, 1974) and the date of his sentencing (May 10, 1974). We are of the same view. R. 3:21-8.
Accordingly, the judgments of conviction are affirmed; the cause is remanded to the Law Division with directions that the record be corrected so as to credit defendant on the terms of his sentences with the time served by him in custody between his arrest and the imposition of sentence.
FURMAN, J.S.C., Temporarily Assigned (dissenting).
I must dissent, agreeing generally with Judge Foley's dissent in State v. Thomas, 103 N.J. Super. 154 (App. Div. 1968). The circumstances here more strongly support a reversal for plain error than those in Thomas.
Defendant was in Sarah Hyams's house as a guest for breakfast with Patricia Manson. He saw where Miss Hyams put her coin collection. Shortly after noon he rode for a short distance as a passenger in Miss Hyams's car. In response to his inquiry she told him that she and Mrs. Manson were on their way to pick up her father. At the trial she did not recall whether she mentioned her destination, Newark Airport. Upon return from the airport with her father and *174 Mrs. Manson the front door was unlocked, the room ransacked where the coin collection was, and the coin collection missing. She notified the police. The police found a porch window ajar. Twelve days later, in the early evening, Miss Hyams and Mrs. Manson in Miss Hyams's car had a chance meeting with defendant outside a tavern. Defendant said, "Hey, fatso, I got your coins. Prove it, bitch."
Upon that testimony defendant was convicted of breaking and entering and larceny. No evidence was offered that the coin collection or any part of it was found in defendant's possession at any time.
A series of New Jersey decisions stemming from State v. Dancyger, 29 N.J. 76 (1951), has recognized that an inference of larceny may be drawn from the fact of possession shortly after the larceny. The rationale, according to Justice Proctor in Dancyger, is "the improbability that the accused could have acquired the stolen property so soon after the theft unless he was the thief." Justice Proctor further commented, "Therefore, the shorter the period of time between the theft and possession the stronger this inference becomes."
In all these decisions, other than Thomas, the interval the jury might find between the larceny and the possession is a few hours only: Dancyger (4 1/2 hours); State v. Davis, 50 N.J. 16 (1967) (two hours); State v. Fioravanti, 46 N.J. 109 (1965) (less than two hours); State v. Leicht, 124 N.J. Super. 127 (App. Div. 1973) (a few minutes); State v. Griffin, 84 N.J. Super. 508 (App. Div. 1964) (less than an hour); State v. Hall, 55 N.J. Super. 441 (App. Div. 1959) (six hours or less).
In Thomas the owner of the stolen property went on vacation on August 16 and the property was identified in defendant's possession in the "latter part" of August. Thus, the interval between the larceny and the possession might have been a few hours only, or up to two weeks. Also distinguishing Thomas, the trial judge charged the inference although without explanation: "So what the State asks you to infer *175 is that Thomas and Rose both broke into McMahan's garage, they stole this material, they were in possession of it and that the proof of the pudding is the fact that they had it and tried to sell it and, in fact, did sell it."
The trial judge below did not charge the inference nor, of course, the rationale that it rested on the improbability that anyone else could have been the thief and transferred possession to defendant and thus was stronger the shorter the interval since the crime. The circumstantial evidence, combined with the inference (assuming the jury found possession as a fact based on defendant's statement), warranted denial of the motion to acquit at the close of the State's case. But the jury should have been charged the inference and its rationale, and specifically that a verdict of guilty might be reached on each count only if the jury determined that possession of the coin collection 12 days after it was reported missing, combined with all the other evidence, precluded any reasonable doubt that defendant was guilty of breaking and entering and of larceny. The failure so to charge, although no request or objection was made, in my view constituted plain error with a clear capacity to bring about an unjust result. State v. Hock, 54 N.J. 526 (1969).
I would reverse and remand for a new trial.