STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
DERRICK A. BURCH, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 6, 1981—Decided May 7, 1981.

Before Judges BISCHOFF, MILMED and FRANCIS.

*Stanley C. Van Ness,* Public Defender, attorney for appellant (*Thomas M. Bachman,* designated attorney, of counsel and on the brief).

*James R. Zazzali,* Attorney General of New Jersey, attorney for respondent (*John J. Degnan,* former Attorney General of

New Jersey; *John A. Covino*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by:

FRANCIS, J. A. D.

Defendant Derrick Burch was convicted after a jury trial on two charges: (1) burglary in the third degree, contrary to *N.J.S.A.* 2C:18–2 and (2) theft in the third degree, contrary to *N.J.S.A.* 2C:20–3. On the burglary charge defendant was sentenced to an extended term of five to ten years with a presumptive sentence of seven years. On the theft charge he was sentenced to a presumptive sentence of four years to run concurrently with the burglary sentence.

The following issues are raised by defendant on his appeal:

Point I  The trial judge erred in denying defendant's motion for a judgment of acquittal.

Point II  The trial judge's charge to the jury contained several errors requiring reversal of the judgment rendered below.

Point III  The sentence imposed by the trial judge below was manifestly excessive.

We have considered the contentions raised in Points I and III and the arguments advanced in support of them in our review of the record, including the presentence report submitted on the appeal. We find the issues raised by the defendant as to these contentions to be clearly without merit. *R.* 2:11–3(e)(2).

In Point II, raised for the first time on appeal, defendant contends that the trial judge, in his charge to the jury, made an improper reference concerning defendant's failure to testify. In his charge the judge stated:

In considering whether possession of recently stolen property has been satisfactorily explained, you are, again, reminded that in exercise of his Constitutional Rights the defendant need not take the witness stand and testify. Possession may be satisfactorily explained through other circumstances, other evidence independent of any testimony of the defendant.

Thus, if you find that the State has proven that the defendant was in exclusive possession of the property and that the property had been recently stolen, you may find the defendant guilty in the absence of a satisfactory explanation of the evidence as to the curcumstances [*sic*] surrounding the possession of the property.

Defendant asserts that the charge was "clearly inconsistent" in that its "import" was that defendant "need not testify in a criminal trial; and yet must offer a satisfactory explanation of the evidence as to the circumstances surrounding the possession of stolen property since no one else could explain such possession save for the defendant." Defendant maintains that the charge, in implying that he "has the right not to say what he must say in order to overcome a presumptive inference," amounted to "nothing more than judicial hypocrisy" and contends that it "violates both the spirit and letter of the Fifth Amendment."

It is without question a long standing and well established principle that "the unexplained and exclusive possession of stolen property shortly after the theft justifies an inference that the possessor is the thief." *State v. Dancyger*, 29 *N.J.* 76, 85 (1959), *cert.* den. 360 *U.S.* 903, 79 *S.Ct.* 1286, 3 *L.Ed.2d* 1255 (1959). *See, also, State v. Pastore*, 133 *N.J.Super.* 168, 171 (App.Div.1975), aff'd 69 *N.J.* 292 (1976); *State v. Thomas*, 103 *N.J.Super.* 154, 157 (App.Div.1968); 1 *Wharton, Criminal Evidence* (13 ed.1972) § 139 at 234–235; 9 *Wigmore, Evidence* (3 ed.1940), § 2513 at 417, 422.

While the question has arisen "with some frequency" whether a defendant's Fifth Amendment privilege against self-incrimination is violated by a jury instruction reciting this inference, "[t]he trend indicated by recent decisions is that such an instruction does not constitute an improper comment by the court on the defendant's failure to testify, and does not violate his privilege against self-incrimination." (Footnote omitted). Annotation, "Modern status: Instruction allowing presumption or inference of guilt from possession of recently stolen property as violation of defendant's privilege against self-incrimination," 88 *A.L.R.3d* 1178, 1180 (1978). See, also, *McCormick, Evidence*, § 131 at 277 (1972); 1 *Wharton, op.cit.*, § 150 at 268.

■ According to the above annotation, "[t]he most common reasoning supporting this result is that the inference of guilt may be rebutted by testimony other than that of the defendant,

so that the giving of the instruction does not, in any way, compel the defendant himself to testify at trial." 88 *A.L.R.*3d, *supra*, at 1180. Of course, this "other" rebuttal testimony is not limited to just the testimony of the defendant's own witnesses. Possession can also be explained by documentary evidence, *People v. Whittaker*, 45 *Ill.*2d 491, 259 *N.E.*2d 787, 790 (Sup.Ct.1970); by "real evidence," *State v. Gray*, 152 *Mont.* 145, 447 *P.*2d 475, 479 (Sup.Ct.1968), rev'd on other grounds 155 *Mont.* 510, 473 *P.* 2d 532 (Sup.Ct.1970); by facts proved by the prosecution, *Commonwealth v. Wilbur*, 353 *Mass.* 376, 231 *N.E.*2d 919, 925 (Sup. Jud.Ct.1967), cert. den. 390 *U.S.* 1010, 88 *S.Ct.* 1260, 20 *L.Ed.*2d 161 (1968), or by cross-examination of the prosecution's witnesses, *People v. Asey*, 85 *Ill.App.*2d 210, 229 *N.E.*2d 368, 374 (App.Ct.1967). In short, the explanation for the defendant's possession "need not come from the accused's own lips, but may proceed from any evidentiary source whatever." (Footnote omitted). *United States v. Johnson*, 433 *F.*2d 1160, 1170 (D.C. Cir.1970). See, also, Model Jury Charges (Criminal), § 2.294 at 2.

█ However, it has also been observed that "when the defendant is the only source to explain or deny the prosecution's evidence and he remains silent, courts have required a new trial where comments relate to the failure to deny or explain." *United State v. Venable*, 443 *F.Supp.* 178, 181 (E.D.Pa.1977), aff'd 585 *F.*2d 71 (3 Cir.1978). New Jersey also follows this course. In *State v. DiRienzo*, 53 *N.J.* 360 (1969), a jury instruction to the effect that a defendant's unexplained possession of recently stolen property raises the inference that he knowingly received stolen property was held permissible as long as the record showed there was other evidence (besides that from defendant himself) which could have explained his possession of the property. However, when it is clear from the record that defendant is the only source to supply that explanation, the instruction is prejudicial and should not be given. *Cf. State v. Dent*, 51 *N.J.* 428 (1968).

In *Dent* an accomplice of defendant therein, testified on behalf of the State that defendants were at the scene of the

murder when it occurred. The trial judge, in his charge to the jury regarding the credibility of this witness, stated that they, the jury, could consider the failure of any witness for defendants (who did not testify) to say that defendants were somewhere else when the crime was committed. The Supreme Court found the judge's comment to be prejudicial and held that

> ... If the record showed there were witnesses other than defendants themselves who had personal knowledge of defendants' whereabouts when the homicide was committed, the court's statement might pass muster. But since there was no such proof, the consequence of the charge was to direct the attention of the jury to the failure of the defendants to testify in their own behalf. Such focusing of attention was inescapably prejudicial. It invaded their absolute Fifth Amendment right to remain silent without suffering any penalty or adverse inference. *Griffin v. State of California*, 380 *U.S.* 609, 85 *S.Ct.* 1229, 14 *L.Ed.2d* 106 (1965); *Malloy v. Hogan*, 378 *U.S.* 1, 84 *S.Ct.* 1489, 12 *L.Ed.2d* 653 (1964); *State v. Lanzo*, 44 *N.J.* 560, 563 (1965). In effect the jury was told that from the failure of the defendants to deny from the witness stand their presence at the scene of the crime, the inference could be drawn that defendants could not truthfully deny either it or the killing.
>
> Unless it appears that there are witnesses other than the defendant available to contradict or deny evidence inculpating him, a comment of the type made here by the court of necessity points to the only person who could have offered the denial, *i. e.* the defendant himself. In such situation the potential for prejudice is so great that an appellate tribunal must regard the defendant's Fifth Amendment rights as having been subjected to unlawful trespass. [at 439–440]

In *DiRienzo*, a prosecution for receiving stolen goods, the Supreme Court found nothing wrong with the trial judge's instruction to the jury, because the defendant there was not the only person who could explain his possession of the stolen goods. Other persons could have been called (and were called) as witnesses to explain it. In addition, the trial judge emphasized to the jury that the testimony of one of defendant's witnesses could, if believed, warrant his acquittal. Therefore, the instruction could not be said to focus the jury's attention on defendant's failure to take the stand and explain his possession. 53 *N.J.* at 381.

In the present case the only "eyewitness" to the events in question was 13-year-old Mark Cherry, who testified that when he first observed defendant he was alone walking down the street about a half block from the Quality Food Market, carry-

ing items later determined to have been stolen from Quality. When Cherry again saw defendant about three minutes later he was walking down a different street, now empty-handed.

It appears clear that the record does not disclose the availability to defendant of live witnesses who might establish the innocent nature of defendant's possession of the stolen property shortly after the theft. *Dent* and *DiRienzo*, both *supra*. Defendant argues that the absence of any such witnesses other than defendant himself renders the court's charge "inescapably prejudicial," as in *Dent*, and is violative of his Fifth Amendment protection against self-incrimination since it had the capacity to invite the attention of the jury to the failure of defendant to take the stand and offer an explanation of his possession of the stolen items. Thus, defendant seeks to portray a *Dent* situation by reason of this absence of supporting witnesses and at the same time he attempts to distinguish *DiRienzo* wherein such witnesses were available and in fact did testify for the defendant in that case.

As we have said, an explanation of defendant's possession of stolen property shortly after the theft may be supplied by other means than by witnesses. Possession can also be explained by documentary evidence, *People v. Whittaker, supra*, or from any evidence source whatever, *Johnson, supra*. It naturally follows that when such a collateral or alternative evidence source is available other than defendant's testimony to explain the possession of stolen property, an instruction to the jury that other than an innocent inference might arise absent such an explanation is constitutionally permissible.

The question raised here is whether in such a case the converse is always true, *i. e.*, in the absence of a showing in the record that an alternative source of explanatory evidence is available, is such an instruction invariably constitutionally impermissible? We think not.

We are of the view that in the context of the particular situation such as the one we are concerned with here, the instruction was not only constitutionally proper but appropriate.

The rationale upon which this conclusion is based is best articulated by comparing the circumstances in *Dent*, where the instruction was condemned, and in *DiRienzo*, a situation where it was upheld. *Dent* was a murder case. Inherent in the defense was the absence of defendant at the scene of the crime during its commission. In that case the absence of alibi witnesses was not necessarily inconsistent with innocence. In many instances a person accused of that kind of offense is unable to produce any kind of evidence that might tend to establish the accused's presence elsewhere when the crime was committed. A judicial instruction or a prosecutorial comment upon the failure of defendant under such circumstances to offer any evidence tending to place him away from the scene of the crime is obviously error of constitutional proportions.

In the present case, involving the possession of stolen property, the nature of the offense and the circumstances surrounding it indicate as a matter of common experience that the unexplained possession of stolen goods within a limited time after the theft more than likely carries with it the knowledge that they were stolen. In addition, the very possession of stolen property, particularly the kind of property involved here, strongly suggests, again by common experience, the availability of some evidence source, such as a sales slip or sales clerk to account for the innocent possession. Here, the stolen property consisted of items such as a radio, a battery-operated television, a calculator—all items which by the very nature of things are not usually abandoned or removed by a stranger to a place of safe keeping for the benefit of the true owner. Possession here, under the circumstances, is usually if not invariably, unlike in *Dent*, consistent with guilt rather than innocence. On the other hand, where there is innocent possession, there is a strong likelihood of the availability of collateral proof to establish it.

We therefore conclude in the present case that although there is an absence of a specific showing in the record as to the

availability of an evidence source other than the defendant's own testimony (*State v. DiRienzo, supra*) to explain such possession occurring a short time after the theft, where the property is of a nature that is not subject to abandonment or some similar act by the owner and the circumstances otherwise are such as to strongly suggest the existence and availability of explanatory evidence, such existence and availability may be presumed, and an instruction permitting the jury to consider the unexplained possession under the circumstances of a recent theft as was the case here, is within constitutional bounds. The judge's instruction was therefore proper.

It should also be noted that when the judge was apprised that defendant was not going to testify, he inquired of defendant and his attorney as to whether they wanted him to charge the jury as to defendant's constitutional right to remain silent. They indicated that they wished such an instruction to be given and the judge charged accordingly.

Finally, we find that the remaining issues raised by defendant in Point II of his brief are clearly without merit. *R.* 2:11–3(e)(2).

Affirmed.