[Crim. No. 7408.   Second Dist., Div. One.   Aug. 7, 1961.]

THE PEOPLE, Respondent, v. PERRY HOLLEY et al., Defendants; HENRY LEE BURRELL, Appellant.

Morris L. Davidson, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and Matthew M. Kearney, Deputy Attorneys General, for Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of burglary.

In an information filed in Los Angeles County, appellant was charged with a violation of section 459, Penal Code. It was stated in the information that the appellant had entered a locked automobile with the intent to commit a theft. A plea of not guilty was entered. The public defender was appointed as counsel for appellant. Trial by jury was waived. The cause was consolidated with case numbered 228394, which pertained to Perry Holley, a codefendant. Appellant was found guilty as charged, and the offense fixed as burglary in the second degree.

A résumé of the facts is as follows:

On April 27, 1960, about noontime, Ann Wright parked and locked her 1955 Oldsmobile car in a market parking lot in the 1400 block of East Florence Avenue in Los Angeles. She returned to her car in about 15 minutes and found the left-hand side wind wing broken and all of the property which had been left in the car missing. The property consisted of certain cosmetic materials in cases, and her purse containing a diamond ring. No one had been given permission to enter the car or to take the items in question.

At about 1:20 p. m. of the same day Officer Prause of the Los Angeles Police Department saw a 1951 Chevrolet parked on 23d Street about 4 feet south of the north curb. The right door of the Chevrolet was open and appellant was between such door and the curb, bending over some trash boxes. The appellant looked in the direction of the officer and at once got into the Chevrolet and it pulled away from the curb. The officer pursued the Chevrolet westbound on 23d Street and finally stopped it near San Pedro Street by sounding the horn in his car and showing a red light. When the officer first sounded the horn the appellant leaned forward as if he were fumbling with something on the front floorboards of the Chevrolet car.

The defendant, Holley, when the Chevrolet car stopped got

out and walked to the rear where the police car was parked. The officer walked to the driver's side of the Chevrolet car and saw a leather brief case opened on the front seat. This case was later identified as being the property of Ann Wright. There were similar brief cases and many loose items of cosmetics in the back seat of the Chevrolet. Holley told the officer he was a salesman and when then asked to exhibit his salesman's license, stated that he was not a salesman. Holley then said that he had found the cosmetics in a trash box in the 1200 block of East 23d Street. The appellant, during the period of time just mentioned, remained seated in the front seat of the Chevrolet.

The officer called for assistance and Officer Longuevaen answered the call and took the two suspects to a police station. Upon arrival at the station appellant was taken into the homicide room and Holley was placed in a separate room which was about 40 feet from where the appellant was placed. After appellant had been taken from the homicide room where he had been questioned, a diamond ring was observed in the doorway to such room about 6 feet from where appellant had been seated.

About 4 p. m. of the same day, Ann Wright came to the police station and identified the brief cases, cosmetics and diamond ring as her property, all of which had been taken from her locked car during her absence as heretofore set forth.

Appellant was searched and several T-shaped pieces of metal commonly known as pick locks were found in his possession.

The appellant in the first instance in this appeal represented himself. His argument at that time was that he had just been released from the state prison in Texas in January and he stated, "the odds were not in my favor"; further that the judge had found him guilty on general principles and that now he had "learned my lesson." Furthermore he asserted that he did not have in mind trying to get any money from the State of California (for being convicted and sent to prison), but would be satisfied to "leive the state compleaty." We interpreted the statement to mean that it was his contention that there was not sufficient evidence to sustain the judgment.

■ The burglarious intent required by the statute in question may be inferred from the unlawful entry alone. (*People* v. *Stewart,* 113 Cal.App.2d 687, 691 [248 P.2d 768].)

■ When property which was stolen in a burglary is

found in the possession of a person soon after the theft and such person is unable or unwilling to truthfully account for the manner in which he acquired the possession of such property the possession and guilty conduct are presumptive evidence that such person obtained the property burglariously. (*People* v. *Citrino,* 46 Cal.2d 284, 288-289 [294 P.2d 32]; *People* v. *McClure,* 133 Cal.App.2d 631, 633 [284 P.2d 887].) The corroboration need be slight. (*People* v. *Citrino, supra*; *People* v. *Williamson,* 168 Cal.App.2d 735, 742 [336 P.2d 214].)

The amount of time which elapsed between the burglary and the finding of the stolen items in this particular case was only a matter of an hour or so and such fact was undoubtedly considered by the judge. (*People* v. *Arbaugh,* 82 Cal. App.2d 971, 987-988 [187 P.2d 866].)

The defendant, when testifying in his own behalf, gave no explanation and denied any knowledge as to how the diamond ring got to the place where it was found, namely very close to where he had been seated in the police station. The evidence is sufficient in our opinion under the circumstances to sustain the judgment of the trial court.

Appellant did not in the first instance request this court for appointment of counsel. He did, however, write a letter addressed to the clerk of the superior court wherein he indicated that he wanted to appeal from the judgment. He further indicated that he was without funds and, "would the honorable judge be in his right to assign me a new concil, if so it is my request that the honorable judge assign me a council to give me legal aid with filing a notice of appeal." This court considered the letter to be a sufficient notice of appeal although it requires a most liberal interpretation. Furthermore, this court wrote to the appellant and stated among other things as follows:

"You have filed a brief in this court as of October 11th, 1960, and the matter has been set for hearing on January 24, 1961. You have made no request to this court for the assistance of an attorney to represent you in this court. To the end that there may be no misunderstanding in the matter, do you wish to continue to represent yourself in your case or do you wish to apply to this court for the appointment of an attorney to assist you? In the event you should want an attorney, and in the event this court should deem it appropriate to appoint an attorney for you, the matter would undoubtedly not be heard on the January calendar. In the event you want to

continue to represent yourself the cause will undoubtedly be heard on the January calendar.

"Please advise this court forthwith of your desires in this matter. In the event no response is received from you on or before January 23, 1961, it will be understood by the court that you do not want an attorney, that you desire to represent yourself, and that the matter will be heard on January 24, 1961.

"An addressed, stamped envelope is enclosed for your convenience.

J. E. Brown, Clerk<br>By

_____<br>Deputy Clerk.''

An answer to the letter was ultimately received from appellant wherein he expressed a desire to have counsel appointed and this court thereupon referred the matter to the Criminal Bar Association of Los Angeles. It was subsequently recommended that an attorney be appointed for appellant and this court followed the recommendation.

A brief was filed by the appointed counsel for appellant in June 1961 wherein it is urged that at most there is a mere suspicion of guilt and that the judgment is not supported by any evidence and further that appellant did not have the exclusive possession of the stolen articles.

The rule has long been settled that " 'before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. . . .' " (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Possession may be inferred from circumstantial evidence. (See *People* v. *Torres,* 98 Cal.App.2d 189 [219 P.2d 480].) The diamond ring in this particular case was found at a point where the appellant had recently been seated or close thereto and where the codefendant had not been.

A complete reading of the record indicates to this court that the evidence was sufficient to sustain the judgment, that there was no reversible error committed and that there is no merit to appellant's contentions.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.