275 Cal.App.2d 351 (1969)
79 Cal. Rptr. 764
THE PEOPLE, Plaintiff and Respondent,
v.
JAMES MITCHELL, Defendant and Appellant.
Docket No. 1710.
Court of Appeals of California, Fourth District, Division One.
July 31, 1969.
*352 James Mitchell, in pro. per., J. Perry Langford, under appointment by the Court of Appeal, and Langford, Langford & Lane for Defendant and Appellant.
Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.
COUGHLIN, J.
Defendant was convicted of the offense of burglary; admitted two prior felony convictions; was sentenced to imprisonment in the state prison; and appealed. The judgment was entered on September 14, 1961, and this court *353 affirmed on November 7, 1962. (People v. Mitchell, 209 Cal. App.2d 312 [26 Cal. Rptr. 89].) Defendant's petition for hearing by the California Supreme Court was denied January 3, 1963. His petition to the United States Supreme Court for certiorari was denied June 17, 1963. Thereupon the judgment became final. On February 23, 1968, the California Supreme Court, on writ of habeas corpus, ordered this court to recall its remittitur and reinstate the appeal on the ground defendant had not been represented by counsel on the appeal. (In re Mitchell, 68 Cal.2d 258 [65 Cal. Rptr. 897, 437 P.2d 289].)
In substance, all contentions presented by counsel on the reinstated appeal, with one exception, were presented by defendant in propria persona on the original appeal; were considered by this court; and were determined without merit.
[1] The one issue not heretofore considered arises out of defendant's contention the judgment should be reversed because, under the rule announced in Griffin v. California, 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229], on April 28, 1965, which was four years after the trial of the case and almost two years after the judgment became final, certain instructions by the court and comments by the prosecuting attorney constituted error.
The Griffin rule does not apply to cases in which the judgment of conviction became final before it was announced. (O'Connor v. Ohio, 385 U.S. 92 [17 L.Ed.2d 189, 87 S.Ct. 252, 253]; Tehan v. United States, 382 U.S. 406 [15 L.Ed.2d 453, 86 S.Ct. 459, 467].) In People v. Rivers, 66 Cal.2d 1000, 1005 [59 Cal. Rptr. 851, 429 P.2d 171], the California Supreme Court held the rules in Escobedo v. Illinois, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758], and People v. Dorado, 62 Cal.2d 338 [42 Cal. Rptr. 169, 398 P.2d 361], did not apply to reinstated appeals where the original appeal in the case had become final before those rules were announced. The rationale of the decisions in Tehan v. United States, supra, 382 U.S. 406 [86 S.Ct. 459, 464-467] and People v. Rivers, supra, 66 Cal.2d 1000, dictates the conclusion the ruling in Griffin v. California, supra, 380 U.S. 609 [14 L.Ed.2d 106], does not apply to reinstated appeals. (See People v. Garner, 258 Cal. App.2d 420, 427 [65 Cal. Rptr. 780]; cf. People v. Curry, 265 Cal. App.2d 785, 792 [71 Cal. Rptr. 573].) We hold accordingly.
[2a] Contrary to defendant's reiterated contention, our further examination of the evidence in the case supports the previous conclusion of this court the evidence sustains the judgment.
*354 Hubbs Trucking office in Colton, California, was burglarized some time between 7 p.m. on March 1, 1961, and 5:30 a.m. on March 2, 1961. The burglar stole $6,540, including 32 $100 bills, from the safe in the office. On the afternoon of March 2, 1961, defendant was waited upon by a waitress at a coffee shop two or three blocks from the burglarized premises. On the morning of March 4, 1961, defendant crossed the border from Mexico into the United States at the San Luis border station; was dressed in a pair of Levis, field jacket, cap and boots; was asked by the customs inspector what he had bought in Mexico; in response, produced a wristwatch and a sales slip showing the cost thereof to be $450; and said he bought nothing else. The customs inspector was employed by the United States Treasury Department; asked defendant to identify himself; and when the latter produced a wallet, made in Mexico, observed a considerable sum of money therein. The customs inspector asked defendant where he was employed and the latter replied he was a farm worker; then asked him "how he would come by so much money as a farm worker"; and defendant said "he did a lot of gambling"; and thereupon asked defendant to come into the office and submit to a search, which he did without protest. The customs inspector asked a border patrolman, employed by the United States Justice Department, to be present during the search, and the latter complied. The search revealed a sheath-knife with a large blade, attached to defendant's belt, two rings, two other watches, two bracelets, some .38 caliber cartridges, instructions on cleaning a Colt weapon, a small brush which could be used for this purpose, a key to a check locker, a jail receipt showing defendant had been released from the El Centro jail less than a month before and then had less than $30; and $5,411 in United States currency, including 32 $100 bills.[1] The sheath-knife was placed in a desk drawer. The other articles, including the money, were placed on top of the desk. Defendant refused to answer questions as to how he got the money or in what kind of gambling he participated. The border patrolman was suspicious of defendant, apparently believing the money was stolen, and called the sheriff's office at Yuma, Arizona. In about one-half hour two deputy sheriffs arrived; questioned defendant about the money, in response to which he gave conflicting answers; placed defendant in custody for further investigation; and took possession of the money and *355 other property. The evidence supports the conclusion the money in defendant's possession had been stolen from the Hubbs office. Defendant did not testify; called no witnesses; and did not present any other evidence that might have shown the source of the money in his possession.
[3] A conviction of burglary is sutained by proof an accused was in conscious possession of property stolen in the burglary, corroborated by other evidence, even though slight, tending to show his guilt. (People v. McFarland, 58 Cal.2d 748, 754 [26 Cal. Rptr. 473, 376 P.2d 449]; People v. Citrino, 46 Cal.2d 284, 288 [294 P.2d 32].) [2b] Corroborating circumstances in the case at bench are: The defendant was in the city where the burglary occurred on the day of the occurrence, left shortly thereafter, and went to Mexico. (People v. De Leon, 236 Cal. App.2d 530, 534 [46 Cal. Rptr. 241].) His explanation to the customs inspector he obtained the money gambling, in light of all the circumstances, was so fanciful as to support the conclusion it was false. A false explanation is evidence of guilt. (People v. McFarland, supra, 58 Cal.2d 748, 754; People v. Wayne, 41 Cal.2d 814, 822 [264 P.2d 547]; People v. Hanz, 190 Cal. App.2d 793, 803 [12 Cal. Rptr. 282]; People v. Kefry, 166 Cal. App.2d 179, 189 [332 P.2d 848].) His equivocal and evasive answers in response to inquiries by the deputy sheriffs showed a consciousness of guilt. (People v. Romano, 197 Cal. App.2d 622, 635 [17 Cal. Rptr. 399].) The period of time was short between the theft of the money and finding it in defendant's possession. (People v. Holley, 194 Cal. App.2d 538, 541 [15 Cal. Rptr. 44].) The money was United States currency and it may be inferred it was taken from the United States into Mexico. The fact a person would take such a large sum of money from the United States into Mexico corroborates the inference the money was stolen. (People v. Dickerson, 273 Cal. App.2d 645, 648 [78 Cal. Rptr. 400]. Defendant was a farm worker, and had been released from jail with less than $30 only a month before he had $5,411 in his possession and the $450 watch.
[4a] Defendant reasserts his contention the evidence showing he was in possession of the stolen $5,411 was the product of an illegal search and seizure.
[5] A border search by a United States Customs Officer is lawful; does not depend upon probable cause; and is not governed by state laws. (19 U.S.C.A. §§ 482, 1581; Carroll v. *356 United States, 267 U.S. 132 [69 L.Ed. 543, 45 S.Ct. 280, 285, 39 A.L.R. 790]; Rodriguez-Gonzalez v. United States, 378 F.2d 256; King v. United States, 348 F.2d 814  certiorari denied, 382 U.S. 926 [15 L.Ed.2d 339, 86 S.Ct. 314]; Murgia v. United States, 285 F.2d 14, 17-18  certiorari denied, 366 U.S. 977 [6 L.Ed.2d 1265, 81 S.Ct. 1946]; Witt v. United States, 287 F.2d 389, 391; People v. Mendoza, 251 Cal. App.2d 835, 842 [60 Cal. Rptr. 5]  hearing denied.)
[6] Evidence discovered in the course of a lawful search, even though its discovery was not the purpose for which the search was instituted, is not illegally obtained. (Abel v. United States, 362 U.S. 217 [4 L.Ed.2d 668, 80 S.Ct. 683, 697]; People v. Monson, 255 Cal. App.2d 689, 691 [63 Cal. Rptr. 409]; People v. Jones, 255 Cal. App.2d 163, 169-170 [62 Cal. Rptr. 848]; People v. Kraps, 238 Cal. App.2d 675, 679-690 [48 Cal. Rptr. 89].)
[4b] When the customs inspector and the border patrolman observed in excess of $5,400 in defendant's possession, the circumstances then known to them supported probable cause to believe the money had been stolen. Actually it had been stolen. It is a federal offense to transport in interstate or foreign commerce any known stolen property, including money, of the value of $5,000 or more. (18 U.S.C.A. § 2314.) The stolen money was subject to seizure as a product of the state offense of stealing property (Carroll v. United States, supra, 276 U.S. 132 [45 S.Ct. 280, 284]; Boyd v. United States, 116 U.S. 616 [29 L.Ed. 746, 6 S.Ct. 524, 528]) and an instrumentality of the federal offense of transporting stolen property. (Landau v. United States Attorney for Southern Dist. of New York, 82 F.2d 285, 287; People v. Robinson, 62 Cal.2d 889, 895-896 [44 Cal. Rptr. 762, 402 P.2d 834].) [7] Defendant legally may not complain the border patrolman delivered the money to the sheriff rather than to the Department of Justice, his employer. It is not illegal for one governmental agency to cooperate with another governmental agency in the enforcement of the law. (Abel v. United States, supra, 362 U.S. 217 [80 S.Ct. 683, 695-698]; People v. Mendoza, supra, 251 Cal. App.2d 835, 841; gen. see People v. Ross, 67 Cal.2d 64, 70 [60 Cal. Rptr. 254, 429 P.2d 606].)
Defendant relies upon the decision in People v. Kelley, 66 Cal.2d 232, 248 [57 Cal. Rptr. 363, 424 P.2d 947], in support of his position. His reliance is misplaced. The evidence obtained by the border search, including the $5,411 in possession of defendant, is admissible in the California courts because *357 the search and seizure were lawful; not because the evidence is admissible in the federal courts; no "silver platter" issue is involved.
Defendant's further contentions the evidence produced by the border search is not admissible because the border patrolman allegedly unlawfully detained defendant pending arrival of the deputy sheriffs or because allegedly there was not probable cause to arrest defendant at the time he was taken into custody by them is based on the false premise the evidence in question was the product of the alleged detention or arrest. The search had been conducted and the evidence obtained before the detention and arrest in question. The only issue at hand is whether the border search and seizure was lawful. We need not consider the issue whether the subsequent detention or arrest was unlawful.
[8] Defendant's trial was continued beyond the 60-day period prescribed by Penal Code section 1382. He made no objection in the premises until after the People had presented and rested their case. Thereupon he moved for dismissal. The court properly denied the motion on the ground he failed to move prior to commencement of trial. (People v. Wilson, 60 Cal.2d 139, 146 [32 Cal. Rptr. 44, 383 P.2d 452]; Ex parte Apakean, 63 Cal. App. 438, 440 [218 P. 767].)
Furthermore, it is a matter of note defendant in his brief on the original appeal said the continuance beyond the 60-day period was granted at the request of the prosecution because of an absent witness. (People v. Mitchell, supra, 209 Cal. App.2d 312, 320.) A continuance upon this ground would constitute good cause for delay beyond the prescribed statutory period.
Defendant asserted contentions in his briefs on the original appeal not asserted in the briefs on the reinstated appeal. Assuming those contentions are before us for disposition, we find them without merit for the reasons set forth in the former opinion of this court in People v. Mitchell, supra, 209 Cal. App.2d 312, which we adopt.
The judgment is affirmed.
Brown (Gerald), P.J., and Ault, J. pro tem.,[*] concurred.
A petition for a rehearing was denied August 15, 1969, and appellant's petition for a hearing by the Supreme Court was denied September 24, 1969.
NOTES
[1] The customs inspector and border patrolman testified the amount of money in defendant's wallet was in excess of $5,300. Actually it was $5,411.
[*] Assigned by the Chairman of the Judicial Council.