[No. 52130–1.   En Banc.   May 22, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH
PAUL BRADLEY, ET AL, *Appellants.*

*Lewis B. Arnold,* for appellants.

*John G. Wetle, Prosecuting Attorney,* for respondent.

UTTER, J.—Joseph and Elizabeth Bradley appeal their convictions for the possession of cocaine. The Bradleys' central challenge is that the State cannot convict individuals on the basis of evidence that federal officials seized in violation of the state constitution. We do not agree with the Bradleys that Const. art. 1, § 7 requires exclusion of evidence seized by federal officials in a border search. We reject their other challenges and affirm the trial court's judgments.

The parties do not dispute the facts. On October 1, 1983, Joseph and Elizabeth Bradley were passengers in a car that stopped at the border station on its return to the United States. Officer Fetty, a United States Customs officer, smelled burnt marijuana when Mr. Bradley rolled down his window. The officer then asked all of the vehicle occupants to get out of the vehicle, after which he removed Mrs. Bradley's purse from the car and searched it. Several vials of powder that he believed to be cocaine were found.

The officer directed the defendants and the others into the border station. During a pat–down search he found a vial of white powder, a coke spoon, and a hash pipe on Mr. Bradley. A second search of Mrs. Bradley's purse revealed more cocaine paraphernalia. Two more officers joined Officer Fetty, and they conducted personal searches of the detained males. During the searches the officers advised the detainees of their constitutional rights. Mr. Bradley acknowledged his rights and requested counsel.

After the personal search, Officer Fetty began filling out personal history forms. As the officer was questioning Mr. Bradley, Bradley said "You sure are making a big deal out of a little bit of coke." Officer Fetty asked Bradley about the marijuana, and Bradley replied that they "had just fin-

ished their last joint before they pulled up to the border." Clerk's Papers, at 6.

The officers notified the Stevens County Sheriff's Department. A deputy came to the border station, arrested the defendants, and received the narcotics that the customs officials had seized. After the deputy arrived Officer Fetty issued a $150 administrative penalty.

Stevens County charged the Bradleys with possession of cocaine in violation of RCW 69.50.401(d). On December 14, 1983 a suppression hearing was held to determine the admissibility of the evidence seized from the defendants and the statements made by Mr. Bradley. The court concluded that the evidence was admissible under both the federal and state constitutions and that the two statements made by Mr. Bradley to Officer Fetty were admissible.

Submission of the case to the court on stipulated facts for a nonjury trial was made on March 23, 1984. Prior to trial the defendants orally moved for dismissal of all charges because of the court's lack of jurisdiction. The court denied the motion. At trial the court concluded that the officers had conducted the searches and seizures in violation of the standards of the Washington Constitution as established in *State v. Ringer,* 100 Wn.2d 686, 674 P.2d 1240 (1983), but in compliance with federal law. The court reaffirmed its rulings on the admissibility of the evidence and Mr. Bradley's statements. It then found the defendants guilty of possession of cocaine, and entered judgment and pronounced sentences on June 28, 1984.

Appeal was made of the convictions to Division Three of the Court of Appeals. That court certified the case to this court.

The Bradleys claim that under 28 U.S.C. § 1356 (1982) federal courts have original and exclusive jurisdiction over cases involving contraband seized by federal officials. We reject the Bradleys' claim. The statute cited by the Bradleys, 28 U.S.C. § 1356 (1982), is an outdated provision originally enacted to vest jurisdiction over certain types of actions in federal courts. 13B C. Wright, A. Miller

& E. Cooper, *Federal Practice* § 3578, at 253–55 (2d ed. 1984). In contrast, 18 U.S.C. § 3231 (1982), which provides federal district courts original and exclusive jurisdiction over federal criminal offenses, specifically preserves the state courts' jurisdiction to proceed under state criminal laws. Moreover, 8 U.S.C. § 1358 (1982) provides that the jurisdiction of state courts extends over border stations:

> The officers in charge of the various immigrant stations shall admit therein the proper State and local officers charged with the enforcement of the laws of the State . . . in which any such immigrant station is located in order that such State and local officers may preserve the peace and make arrests for crimes under the laws of the States and Territories. For the purpose of this section the jurisdiction of such State and local officers and of the State and local courts shall extend over such immigrant stations.

8 U.S.C. § 1358.

■ The defendants also contend that United States Customs officials must comply with the requirements of RCW 10.88.330(2) to make warrantless arrests, and that the State has not proven such compliance. The trial court's conclusion that RCW 10.88.330 has no application to this case is correct. RCW 10.88.330 is one provision of Washington's version of the Uniform Criminal Extradition Act. The purpose of RCW 10.88 is to establish a summary executive procedure for the extradition of persons accused of a crime in a different jurisdiction. *Vetsch v. Sheriff of Spokane Cy.,* 14 Wn. App. 971, 546 P.2d 927 (1976). RCW 10.88.330 thus controls the warrantless arrests of persons charged with crimes by another state, not the warrantless arrests of persons found to be in possession of controlled substances in this state.

The Bradleys' most significant challenge to their convictions is that the State established its case with evidence obtained in violation of the state constitution. The trial court concluded that the United States Customs officials' searches and seizures violated the search and seizure standards of Const. art. 1, § 7 established in *State v.*

*Ringer, supra.* Nevertheless, the court admitted the evidence because it was "properly obtained in Federal jurisdiction." Conclusion of law 4.1; Clerk's Papers, at 6.

■ *State v. Ringer, supra,* does not control in the circumstances of this case. The Bradleys have failed to acknowledge decisions of this court that recognize exceptions to the warrant requirement of Const. art. 1, § 7. In *State v. Houser,* 95 Wn.2d 143, 622 P.2d 1218 (1980), we recognized that:

> As a general rule, warrantless searches and seizures are per se unreasonable. *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971). Nonetheless, there are a few "'jealously and carefully drawn' exceptions" to the warrant requirement which "provide for those cases where the societal costs of obtaining a warrant, such as danger to law officers or the risk of loss or destruction of evidence, outweigh the reasons for prior recourse to a neutral magistrate." *Arkansas v. Sanders,* 442 U.S. 753, 759, 61 L. Ed. 2d 235, 99 S. Ct. 2586 (1979). . . .

*Houser,* at 149 (construing both the Fourth Amendment and Const. art. 1, § 7). In a later case we listed five "narrow exceptions" to the warrant requirement: (1) consensual searches; (2) stop and frisk searches; (3) "hot pursuit"; (4) airport and courthouse searches; and (5) border searches. *Jacobsen v. Seattle,* 98 Wn.2d 668, 672, 658 P.2d 653 (1983).

For purposes of search and seizure law a border search conducted by United States Customs officials is equivalent to a search conducted in a different jurisdiction. Technically, state jurisdiction extends over United States border stations for the purpose of preserving the peace and making arrests. 8 U.S.C. § 1358 (1982). However, it is Congress to whom the federal constitution allocates the responsibility for policing international borders, U.S. Const. art. 1, § 8, cl. 3, and it is federal officials who actually enforce federal border laws. *See, e.g.,* 8 U.S.C. § 1103 (1982); 19 U.S.C. §§ 1, 3 (1982); *see also United States v. Ramsey,* 431 U.S. 606, 618–19, 52 L. Ed. 2d 617, 97 S. Ct. 1972 (1977). Neither

state law nor the state constitution can control federal officers' conduct. Several courts accordingly have concluded that evidence lawfully obtained under federal standards by United States Customs officials is admissible in state court even if the search and seizure would have violated state law. *See State v. Allard,* 313 A.2d 439 (Me. 1973); *Morales v. State,* 407 So. 2d 321 (Fla. Dist. Ct. App. 1981). As a California court wrote:

A border search by a United States Customs Officer is lawful; does not depend upon probable cause; and is not governed by state laws. . . .

. . .

. . . The evidence obtained by the border search . . . is admissible in the California courts because the search and seizure were lawful . . .

*People v. Mitchell,* 275 Cal. App. 2d 351, 355, 356–57, 79 Cal. Rptr. 764, 767–68 (1969), *cert. denied,* 397 U.S. 1053, 25 L. Ed. 2d 669, 90 S. Ct. 1394 (1970).

Here, the Bradleys do not challenge the trial court's conclusion that the border officials' searches and seizures conformed to federal standards. We therefore affirm the trial court's admission of the evidence. The trial court properly concluded that Const. art. 1, § 7 does not require the exclusion of this evidence.

█ Finally, the Bradleys argue that all statements made after Mr. Bradley requested an attorney should have been suppressed. The Bradleys correctly argue that a defendant has a right to cut off interrogation by indicating that he does not want to speak further until after consulting an attorney. *Miranda v. Arizona,* 384 U.S. 436, 473–74, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966); *see also Michigan v. Mosley,* 423 U.S. 96, 102–06, 46 L. Ed. 2d 313, 96 S. Ct. 321 (1975). Any incriminating statement made in response to any type of interrogation after the defendant has expressed his wish to remain silent is inadmissible as violative of the Fifth and Sixth Amendments. *Miranda v. Arizona, supra.* However, not every question posed in a custodial setting is equivalent to "interrogation"; the test is

whether under all of the circumstances involved in a given case, the questions are reasonably likely to elicit an incriminating response from the suspect. *United States v. Gonzalez–Mares,* 752 F.2d 1485, 1489 (9th Cir. 1985). Moreover, a defendant's incriminating statement that is not a response to an officer's question is freely admissible. *Miranda,* 384 U.S. at 478; *Rhode Island v. Innis,* 446 U.S. 291, 299, 300, 64 L. Ed. 2d 297, 100 S. Ct. 1682 (1980).

Bradley made his first statement, "You sure are making a big deal about a little bit of coke", while being questioned about personal history. The court's conclusion that this statement was admissible is correct. Several courts have concluded that general questions about background do not constitute "interrogation," and officers can ask such questions even after the defendant invokes his rights to remain silent and to consult an attorney. *See United States v. Glen–Archila,* 677 F.2d 809, 815 (11th Cir. 1982); *United States v. Turner,* 565 F.2d 539, 541 (8th Cir. 1977). In similar situations other courts have concluded that statements made while an officer was collecting background information were admissible because they were spontaneous and unrelated to the questions posed. *See United States v. Gay,* 774 F.2d 368, 379–80 (10th Cir. 1985); *United States v. Suggs,* 755 F.2d 1538, 1541 (11th Cir. 1985); *State v. Miner,* 22 Wn. App. 480, 591 P.2d 812 (1979). Here, Bradley offers no persuasive argument that the officer's questions were designed to elicit an incriminating response or that Bradley's statement was coerced or involuntary.

The defendant made the second statement considered by the trial court in response to Officer Fetty's question about marijuana. As the State concedes, this statement is inadmissible. The officer's question appears reasonably likely to elicit an incriminating response. Bradley's incriminating response cannot be characterized as spontaneous. However, this error is irrelevant and does not warrant reversal of the defendants' convictions. The defendants were convicted for possession of cocaine, not marijuana.

The Bradleys' convictions offend neither the state nor

the federal constitution. Congress has specified that state jurisdiction extends over federal border stations, and the court below correctly convicted the Bradleys under state law on the basis of evidence seized in a federal border search. For these reasons we affirm the judgment of the trial court.

DOLLIVER, C.J., PEARSON, CALLOW, GOODLOE, and DUR-HAM, JJ., and CUNNINGHAM, J. Pro Tem., concur.
DORE and ANDERSEN, JJ., concur in the result.