[No. 10764-7-III. Division Three. January 16, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. RODNEY LYNN McWATTERS, *Appellant*.

*Terence M. Ryan,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Dannette W. Allen, Deputy,* for respondent.

GREEN, J.* — On July 23, 1989, Rodney Lynn McWatters was injured when his motorcycle collided with a car in Spokane. The paramedic giving him medical assistance gave the police items found on Mr. McWatters' person, including $11,000 in cash, a knife, notebook and a small plastic container, later identified as containing heroin. Mr. McWatters was charged with and convicted of possession of a controlled substance. He appeals, contending the court erred in (1) denying his motion to suppress the heroin and a statement made by him to the police after the accident; and (2) excluding testimony of one of his witnesses. We find no error and affirm.

On July 23, 1989, David Almond, a student paramedic with the Spokane Fire Department, was one of those called

---

*Judge Dale M. Green is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

to the scene of an accident involving a car and motorcycle. When he arrived on the scene, he saw an injured man, later identified as Mr. McWatters, conscious, lying face down on the street. To assess the extent of the injuries, Mr. Almond, in accordance with paramedic procedures, cut off Mr. McWatters' pants and shirt. After Mr. Almond and several of the department's emergency medical technicians rolled him over on his back, the rest of Mr. McWatters' clothing was removed. A red pouch containing a large amount of money was found on Mr. McWatters' stomach. Mr. Almond gave the pouch to a nearby police officer, along with other items found in Mr. McWatters' pants, including a folding knife, notebook and clear plastic container. The officer recognized the brown substance in the plastic container as heroin. Mr. McWatters was taken to the hospital by ambulance.

The officer went to the hospital to issue Mr. McWatters a citation for the accident. When the officer entered the hospital room, Mr. McWatters asked him about his money. The officer told him his money and drugs were placed on the property books for evidence, to which Mr. McWatters replied, "not all of the money was drug money." He was subsequently charged with possession of a controlled substance.

Mr. McWatters moved to suppress the heroin and his statement to the officer at the hospital. When the motion was heard, Mr. Almond testified that in accordance with his training, he looks for valuables at an accident scene. Because there was nothing left of Mr. McWatters' clothing and to protect himself from accusations of theft, he gave Mr. McWatters' personal effects to the police officers for safekeeping. He also testified he did not recognize the substance in the plastic container as contraband. The officers testified they did not suggest or request Mr. Almond search Mr. McWatters' pants. One of the officers stated when Mr. Almond handed him the knife, notebook and plastic container, he said, "I have something here you might be interested in".

The court denied the motion to suppress on the basis Mr. Almond was not acting on behalf of the police when he took the items in question, or alternatively, the medical necessity exception applied, and his statement to the officer in the hospital was not the result of interrogation.[1] Mr. McWatters was convicted, resulting in this appeal.

First, Mr. McWatters contends the court erred in denying the motion to suppress because the search by Mr. Almond was in violation of the search and seizure provisions of the United States and Washington Constitutions. We disagree.

■ Mr. McWatters' reliance on *Michigan v. Tyler*, 436 U.S. 499, 56 L. Ed. 2d 486, 98 S. Ct. 1942 (1978) and *State v. Bell*, 108 Wn.2d 193, 737 P.2d 254 (1987) to support his claim search and seizure rules apply to paramedics is misplaced. Those courts held search and seizure protections apply to firemen unless the discovery of contraband falls within one of the exceptions to the warrant requirements. No authority has been cited which would support extending search and seizure protections in the circumstances present here and we decline to do so.

■ Nor does the record support Mr. McWatters' contention Mr. Almond was acting as an agent of the police. His argument that the police knew of and acquiesced in the search is not supported by the record. Here, the search was neither encouraged nor instigated by the police. *State v. Clark*, 48 Wn. App. 850, 855-56, 743 P.2d 822, *review denied*, 109 Wn.2d 1015 (1987). The impetus for the search was based on Mr. Almond's training as a paramedic to protect valuables belonging to an injured person at an accident scene. Mr. Almond's statement to the police, "I have something here you might be interested in", is insufficient to find he was acting on behalf of the police. While a person may believe turning over evidence may be helpful to the police,

---

[1]The State contends the findings supporting the court's denial of the motion to suppress are verities because no error was assigned to them. Mr. McWatters sufficiently assigned error to them in his pro se brief so the issues may be reviewed.

such unilateral conduct does not convert that person into an agent. *Clark*, at 857. There was no error.[2]

Second, Mr. McWatters contends the court erred in refusing to suppress his statement made to the police officer while he was in the hospital. He argues because the officer had probable cause to arrest him before the statement was made, he should have been advised of his *Miranda* rights. We disagree.

To trigger the protections afforded by *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), a suspect must be (1) taken into custody or otherwise deprived of his freedom of action in a significant way and (2) subjected to custodial interrogation. *State v. Lewis*, 32 Wn. App. 13, 17, 645 P.2d 722, *review denied*, 98 Wn.2d 1004 (1982). A suspect's freedom of action is curtailed when the circumstances resemble formal arrest. *State v. Harris*, 106 Wn.2d 784, 789, 725 P.2d 975 (1986), *cert. denied*, 480 U.S. 940 (1987). First, in determining if the suspect is in custody or otherwise deprived of his freedom of action in a significant way, the sole inquiry "has become whether the suspect reasonably supposed his freedom of action was curtailed". *State v. Short*, 113 Wn.2d 35, 41, 775 P.2d 458 (1989). Second, interrogation involves express questioning, words or actions on the part of the police, other than those attendant to arrest and custody, that are likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 301, 64 L. Ed. 2d 297, 100 S. Ct. 1682 (1980). A defendant's incriminating statement that is not in response to an officer's question is freely admissible. *State v. Bradley*, 105 Wn.2d 898, 904, 719 P.2d 546 (1986).

Here, Mr. McWatters was not in custody nor could he have reasonably supposed his freedom of action was curtailed; the officer's reason for going to the hospital was to issue a citation to him for the traffic offense; and the

[2]Since we find no police involvement, it is unnecessary to discuss the medical necessity exception raised by Mr. McWatters' counsel.

officer did not undertake to interrogate him about the suspected possession offense. Instead, Mr. McWatters' statement "not all of the money was drug money" was spontaneous. Whether the officer had probable cause to arrest Mr. McWatters for possession is not a circumstance to be considered in determining if Mr. McWatters was in custody. *State v. Short, supra* at 40-41. There was no error.

Last, Mr. McWatters contends the court erred in excluding the testimony of one of his witnesses. There was no error.

Prior to trial, the State moved to exclude the testimony of one of Mr. McWatters' anticipated witnesses who was going to testify she found Mr. McWatters' wallet in his pants pocket the following day in the hospital. Mr. McWatters argued the testimony was relevant to show Mr. Almond had not searched his pants. The court delayed its ruling pending the development of the testimony of the witness. When the court asked Mr. McWatters' counsel later in the trial if he still intended to call the witness, counsel stated he did not intend to do so at that time. The witness was never called and the court did not rule on the admissibility of the testimony.

In light of the facts, Mr. McWatters waived his right to have this issue reviewed. *State v. Denton*, 58 Wn. App. 251, 256-57, 792 P.2d 537 (1990). This failure deprived the trial court of the opportunity to consider the issue. *Bennett v. Hardy*, 113 Wn.2d 912, 917, 784 P.2d 1258 (1990).

Moreover, Mr. McWatters testified his wallet, wristwatch and rings were in the hospital closet the next morning. He also testified a lucky silver coin was also in his pants pocket. On cross examination, Mr. Almond admitted he may not have searched the pants completely. This testimony permitted Mr. McWatters to argue his theory of the case without calling his witness.

Affirmed.

SHIELDS, C.J., and THOMPSON, J., concur.

After modification, further reconsideration denied February 18, 1992.

Review denied at 119 Wn.2d 1012 (1992).