Ultimately, the court held that the administrative search at issue is not the least intrusive consistent with current technology because an x-ray machine is less intrusive than a hand search. The court further held that Defendants did not have adequate notice of the actual search and did not manifest their consent to the search. Accordingly, the magistrate court held that the warrantless administrative searches were illegal and suppressed evidence uncovered in the course of those searches.
Discussion
The magistrate court erred by applying the wrong legal standard to determine that the administrative search was not the least intrusive consistent with current technology and by imputing a consent analysis to the Fourth Amendment's reasonableness requirement.
Intrusiveness of the Search
The magistrate court began its analysis by stating the applicable law as follows: "[c]ase law conditions administrative searches on being no more intrusive than necessary, and 'consistent with current technology. ' " No. 2:16-po-00079-SAB, ECF No. 45, at 6; No. 2:16-po-00108-SAB, ECF No. 44, at 6. Applying this standard, the magistrate court held:
*1231 The search in this case was not conducted with current technology. A widely available x-ray machine has the power to maintain the realm of privacy by effecting an equally effective but less intrusive means of searching entrants to the SSA building.
Accordingly, the Court finds the administrative searches at issue were not the least intrusive consistent with current technology.
No. 2:16-po-00079-SAB, ECF No. 45, at 7; No. 2:16-po-00108-SAB, ECF No. 44, at 7.
Contrary to the magistrate court's holding, governmental entities are not required to use the least intrusive means possible in conducting administrative searches. The United States Supreme Court has "repeatedly refused to declare that only the 'least intrusive' search practicable can be reasonable under the Fourth Amendment." City of Ontario, Cal. v. Quon , 560 U.S. 746, 763, 130 S.Ct. 2619, 177 L.Ed.2d 216 (2010). This is because the logic of such elaborate less-restrictive-alternative arguments could raise insuperable barriers to the exercise of virtually all search-and-seizure powers. Bd. of Ed. of Indep. Sch. Dist. No. 92 of Pottawatomie Cty. v. Earls , 536 U.S. 822, 837, 122 S.Ct. 2559, 153 L.Ed.2d 735 (2002). In order to constitute a valid administrative search, the scheme must be no more extensive nor intensive than necessary, in the light of current technology, to detect the presence of weapons or explosives. See Aukai , 497 F.3d at 962. The phrase "in the light of current technology" was not intended to measure the type of searches used or the available search technologies. Instead, it was intended to help identify the prohibited items. To conclude otherwise inappropriately puts the Court in the role of choosing the search protocols and devices. The Court's role should be limited to reviewing the decisions made by the parties involved and evaluating whether those decisions are reasonable and constitutional.
The magistrate court received testimony that weapons or bomb parts may be minute and not easily identifiable. Thus, the magistrate found there are no limits to which items can be searched. While it is true that an x-ray scan may be less intrusive than a hand inspection, the Government is not required to implement the least intrusive screening procedure possible.[1] Given the safety concerns at the Spokane SSA, a hand inspection of all of a visitor's items is reasonable and no more intrusive than necessary to further the Government's legitimate goal in preventing destruction and injury on federal property. Additionally, the Government attempts to minimize the intrusiveness of the search, and any personal embarrassment it may cause, by limiting access to the search area to only one visitor at a time. The Court is satisfied that the administrative search at issue is not for the secondary impermissible purpose of collecting evidence for criminal prosecution, is no more extensive nor intensive than necessary, and is therefore consistent with the protection guaranteed by the Fourth Amendment.[2] Accordingly, *1232 the magistrate court erred when it considered current technology as a separate prong to the administrative search exception to the warrant requirement.
Notice and Consent
The magistrate court held that Defendants did not have actual notice of the search nor did they manifest their consent. The record demonstrates that Defendants had sufficient notice of the search, thus, this conclusion was error. Additionally, the magistrate erred in analyzing consent in the context of an administrative search; consent is not a requirement.
Notice of an administrative inspection must be posted in a conspicuous place on the property; one that is reasonably calculated to impart notice on individuals visiting the property. United States v. Bichsel , 395 F.3d 1053, 1055-56 (9th Cir. 2005). Here, several notices were posted prior to a visitor's entrance to the Spokane SSA. Notably, visitors are informed in large red letters: "INSPECTION"; "all persons entering this facility will be subject to inspection"; "purses, backpacks, briefcases and other containers in the immediate possession of persons entering this facility are subject to inspection in accordance with 41 CFR 102-74.370." ECF No. 23-3. Other notices contain language of the applicable federal regulations; indicate that firearms and weapons are prohibited at the facility; and state that having marijuana or other controlled substances is also not permitted. Additionally, PSOs give verbal notice to entrants and state that the visitor will be subject to an administrative inspection prior to an inspection commencing. The notice given was conspicuous and reasonably calculated to impart notice on visitors to the Spokane SSA.
The magistrate court also held that Defendants did not manifest consent to the administrative search. In the context of airport screening searches, the constitutionality of such is "not dependent on consent." Aukai , 497 F.3d at 962. Indeed, consent is rarely if ever an element of Fourth Amendment analysis. Rather, to pass constitutional muster, an administrative search must be neither more extensive nor more intensive than necessary to rule out the presence of weapons and explosives. Id. Where an administrative search is otherwise reasonable, "all that is required is the [visitor's] election to attempt entry into the secured area [of a federal facility.]" Id. at 961. Defendants both attempted entry to the Spokane SSA and submitted their belongings to a search. Because the administrative searches at issue were otherwise reasonable, the magistrate erred in granting Defendants' motions to suppress evidence uncovered as a result of those searches.
Accordingly, the magistrate court's Order Granting Defendants' Consolidated Motions to Suppress Evidence, No. 2:16-po-00079-SAB, ECF No. 45; No. 2:16-po-00108-SAB, ECF No. 44, is reversed and this case is remanded for further proceedings consistent with this opinion.
Accordingly, IT IS HEREBY ORDERED:
1. The Order Granting Defendants' Consolidated Motions to Suppress Evidence, No. 2:16-po-00079-SAB, ECF No. 45; No. 2:16-po-00108-SAB, ECF No. 44, is reversed and this case is remanded for further proceedings consistent with this opinion.
2. Defendants' Motions to File Volume III of the Supplemental Excerpts of Record Under Seal, No. 2:16-po-00079-SAB, ECF No. 79; No. 2:16-po-00108-SAB, ECF No. 81, are GRANTED . The Proposed Sealed Documents, No. 2:16-po-00079-SAB, ECF No. 80; No. 2:16-po-00108-SAB, ECF No. 82, shall be filed under seal.
*1233 3. Defendants' Motions in Limine to Exclude Hybrid Witnesses, No. 2:16-po-00079-SAB, ECF No. 26; No. 2:16-po-00108-SAB, ECF No. 23, are referred back to the magistrate court for further proceedings.
IT IS SO ORDERED . The District Court Executive is hereby directed to file this Order and provide copies to counsel.

The Court notes that evidence of methamphetamine and drug paraphernalia uncovered during an administrative search of Defendants would also have been uncovered during an x-ray inspection of their property.

Defendants' reliance on United States v. Bulacan , 156 F.3d 963 (9th Cir. 1998), is inapposite. The court in Bulacan found that because officers were instructed to locate anything that violates federal regulations during an administrative search, and had wide discretion in doing so, there was a secondary impermissible purpose rendering the search unconstitutional. Id. at 966. This is not the case here. The magistrate found there is no discretion invested in the PSOs nor any secondary impermissible purpose. These findings are not challenged on appeal.