**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53375-8-II |
| Appellant, | |
| v. | |
| TANYA RAE GRIFFITH, | UNPUBLISHED OPINION |
| Respondent. | |

GLASGOW, J.—A security guard searched Tanya Rae Griffith's purse as part of his security screening duties at a federal Social Security Administration office. The security guard found methamphetamine and contacted local law enforcement, and Griffith was charged with possession of a controlled substance. The trial court concluded that Griffith withdrew her consent to the search of her purse, and she was entitled to do so. The trial court suppressed evidence of the methamphetamine found in Griffith's purse, and the State appeals.

Griffith now concedes that the trial court erred regarding its specific basis for suppression, lack of consent, but she reserves the right to pursue other legal theories supporting suppression of the evidence on remand. We accept Griffith's concession and remand for the trial court to conduct further proceedings consistent with this opinion.

FACTS

Griffith and Jerry Sword were at a federal Social Security Administration office. Lance Pennington was serving as a contracted security guard at the office. At some point, Sword retrieved Griffith's purse from the car and tried to give it to Griffith, who was inside a secured portion of the office. Pennington told Sword that the purse would have to be inspected.

Sword placed the purse on Pennington's desk and Pennington began his inspection. After approximately 30 seconds, Griffith noticed Pennington searching the purse and said that she did not need it, asking Sword to take it back outside. Pennington told Griffith and Sword that once he started a bag inspection, they could not leave the building or take the bag back until he finished his inspection.

Pennington then discovered a lip-balm container that had a crystalline substance he suspected to be residue of methamphetamine. Pennington followed protocol requiring him to contact local law enforcement.

The State charged Griffith with possession of a controlled substance. Griffith then moved to suppress all evidence from Pennington's search of the purse. The trial court suppressed the evidence arising from the search, reasoning that Griffith had revoked consent to search the bag before Pennington discovered the container and that anything discovered after she revoked her consent was found pursuant to an unlawful search. The State appeals the suppression of this evidence.

## ANALYSIS

Specifically, the State challenges the trial court's conclusion 11: "As Ms. Griffith and Mr. Sword revoked their consent for Mr. Pennington to search the purse, pursuant to [a]rticle 1[,] [s]ection 7 of the Washington State Constitution, the search should have terminated." Clerk's Papers at 24; Appellant's Opening Br. at 1. The State argues, and Griffith concedes, that the trial court erred by considering consent a required element of an administrative search performed for security screening. We accept Griffith's concession.

This court reviews a trial court's conclusions of law de novo. *State v. Schultz*, 170 Wn.2d 746, 753, 248 P.3d 484 (2011). State constitutions do not control federal action, and when a search

is conducted on federal property, article I, section 7 does not provide protection from that search. *State v. Johnson*, 75 Wn. App. 692, 699, 879 P.2d 984 (1994); *State v. Bradley*, 105 Wn.2d 898, 902-903, 719 P.2d 546 (1986); *In re Pers. Restraint of Teddington*, 116 Wn.2d 761, 775, 808 P.2d 156 (1991). The relevant state constitutional limitation on admissibility occurs when the trial court evaluates whether the federal officer acted as an agent of the State at the time the officer acquired the evidence. *Johnson*, 75 Wn. App at 699. Because the search of Griffith's purse occurred in a federal office and was conducted by a person acting under federal authority,[1] without any allegation that the officer conducting the search was acting at the direction of the State, there was no violation of the Washington Constitution. The trial court erred when it concluded that the search should have been terminated under article I, section 7.

Moreover, under the Fourth Amendment to the United States Constitution, ongoing consent is not required for a search occurring for the administrative purpose of security screening once a person has attempted entry into a secured area. *E.g., United States v. Aukai*, 497 F.3d 955, 960 (9th Cir. 2007) (applying this principle in the context of an airport search); *United States v. Kerr*, 300 F. Supp. 3d 1226, 1232 (2018). The Fourth Amendment permits suspicionless area-entry searches at certain government buildings so long as the search is authorized by law and limited in scope to its reasonable purpose. *Aukai*, 497 F.3d at 960-61. The parties do not dispute that federal law authorized the search of Griffith's bag. 41 C.F.R. § 102-74.370. Notices were posted explaining that security screening, including the inspection of bags, was required to enter the restricted portion of the office. No consent was required.

---

[1] 41 C.F.R. § 102-74.370.

We accept Griffith's concession and remand for proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, P.J.

Maxa, J.