THE STATE v. EVERETT PRICE, Appellant.—153 S. W. (2d) 353.

Division Two, July 25, 1941.

*Roy McKittrick,* Attorney General, and *Max Wasserman,* Assistant Attorney General, for respondent.

362

LEEDY, J.—The Prosecuting Attorney of Greene County filed an information jointly charging defendant and one Leroy Ringenberg with the burglary and larceny in having, on December 30, 1939, broken into J. A. Koch & Sons' Tire Exchange at Springfield, and stolen therefrom certain automobile tires. Upon his trial, appellant was found not guilty of the burglary charge, but was convicted of grand larceny, and his punishment assessed at imprisonment in the penitentiary for a term of two years. After an unavailing motion for new trial he appealed, but he has not favored us with a brief. We, therefore, look to his motion for new trial for his assignments of error.

No point is made touching the sufficiency of the evidence to make a case for the jury, or to support the verdict. We observe in passing that such point could not be successfully maintained, as the evidence is abundant to sustain the charge.

I. The objections to the State's instructions Nos. 1 and 2 may be considered together inasmuch as they raise substantially the same question. No. 1 was the State's main instruction, the first part of which submitted the issue of burglary in the second degree, as to which defendant was acquitted, as hereinabove noted. The assailed portion, relating to the charge of grand larceny, reads as follows: "You are further instructed that if you find and believe from the evidence that the defendant, Everett Price, at the County of Greene and State of Missouri, on or about the 30th day of December, 1939, did steal, take and carry away the tires mentioned in the evidence, and that the same were the property of J. A. Koch, J. A. Koch, Jr. and L. P. Koch, partners, doing business as the J. A. Koch & Sons Tire Exchange, and were worth $30.00 or more, then you will find the defendant guilty of grand larceny etc."

It is contended that the instruction is deficient and erroneous in that it does not properly define the offense of grand larceny. Specifically the complaint is that it does not require the jury to find the taking to have been done feloniously, nor with the felonious intent to convert the tires to defendant's own use without the consent of the owner.

"In a case involving larceny the offense should be defined. Manifestly this may be done either by a separate instruction, as was approved in the case of State v. Gray, 37 Mo. l. c. 464, or by appropriately incorporating an apt definition of larceny in the main instruction, as

was done in the case of State v. Yates, 159 Mo. 525, 60 S. W. 1051."
[State v. Rader, 262 Mo. 117, 171 S. W. 46.] The later cases hold it
is unnecessary to use the specific word "felonious" or "feloniously"
in defining the intent with which the taking is accomplished if
synonymous words are used [State v. Rader, supra; State v. Ward,
261 Mo. 149, 168 S. W. 940; State v. Yates, supra; State v. Tipton,
307 Mo. 500, 271 S. W. 55], or, if the jury is required to find facts
sufficiently constituting the offense [State v. Mathes (Mo.), 281 S. W.
437; State v. Frost (Mo.), 289 S. W. 895]. The following from the
Rader case is quoted with approval in the Tipton case, "This intent
may be aptly defined by terms indicating the wrongful and fraudulent,
or criminal nature of the taking, coupled with words charging the
taking as being without the owner's consent and with the fraudulent
intent to convert the property to the use of the taker and to deprive
the owner thereof permanently."

We have been cited to no case, nor have we been able to find one
in our reports which upholds an instruction such as the one now
under consideration. Our statute [Sec. 4456, R. S. '39, Sec. 4064,
Mo. Stat. Ann., p. 2865] defining the offense of grand larceny, in-
sofar as here pertinent, reads as follows: "Every person who shall
be convicted of *feloniously* stealing, taking and carrying away any
money, goods, rights in action, or other personal property, or valuable
thing whatsoever of the value of thirty dollars or more, . . . be-
longing to another, shall be deemed guilty of grand larceny." In
reviewing the history of this section, and the presence, purpose and
meaning of the word "feloniously" therein, Judge FARIS in the Rader
case, supra, pointed out that throughout "the statute's existence in
its present form [now more than one hundred twenty-five years]
. . . this court has by its decisions required that instructions de-
fining this crime make necessary the finding of a felonious intent,"
citing many cases holding, in substance and effect, that there cannot
be a larceny without a felonious intent; that the taking the personal
goods of another without this intent may be a trespass, but it cannot
amount to larceny.

The instruction condemned by this court in State v. Campbell, 108
Mo. 611, 18 S. W. 1109, is a counterpart of the one now under scrutiny.
In holding it too abstract to give the jury a proper guide under which
to determine whether the facts proved constituted grand larceny,
this court said, "The words, 'took, stole and carried away,' do not
even define grand larceny as particularly as is done by the statute
. . . The statute uses . . . the qualification that the act must
have been done with a felonious intent. They should have been told
what would have constituted a felonious taking under the law; the
taking must have been without right, and with an intention of con-
verting the cow 'to a use, other than that of the owner, without his
consent.' Under the guidance of the instructions given it was not

necessary in order to have found a verdict of guilty that the taking should have been wrongful or with a felonious intent, except so far as the words, 'steal, take and carry away,' may have implied a felony in the minds of the jurors."

In the recent case of State v. Stewart, 329 Mo. 265, 44 S. W. (2d) 100, it was said that the instruction, "to authorize a conviction should require the jury to find every fact necessary to constitute the essential elements of the crime charged." In holding the State's main instruction bad in two respects, we said, "Neither does the instruction require the jury to find as to the larceny charge, that defendant carried away the property mentioned with the intention of appropriating it to his own use and to deprive the owner thereof."

The language of the instruction in authorizing the jury to convict or acquit as to both charges, or convict of one and acquit as to the other is, perhaps, inept, and on another trial should be reframed.

II. There is nothing in the assignment that it was error to fail to instruct the jury that the recent possession of stolen property raises no presumption of guilt. ▮ The court gave no instruction on the subject of recent possession of stolen property on the part of the State, nor did defendant request any.

III. Complaint is made respecting the cross-examination of one of defendant's witnesses. The single objection made by defendant to the cross-examination was sustained, so there is nothing for us to review.

IV. The seventh and eighth grounds of the motion for new trial complain of prejudicial argument by the Prosecuting Attorney. The offending remarks which are made the subject of complaint in the seventh ground are not preserved by bill of exceptions, and are, therefore, not open for review. Assignments of motions for new trial do not prove themselves. The only objections made by defendant, as shown by the bill of exceptions (complained of in the eighth paragraph of the motion) were sustained.

V. Other matters are urged, but as they are not likely to recur upon another trial, it is unnecessary to discuss them.

For the error noted, the judgment is reversed and the cause remanded. All concur.