STATE of Missouri, Respondent,

v.

Roy James PITTS, Appellant.

No. 44252.

Supreme Court of Missouri.

Division No. 2.

Oct. 10, 1955.

No attorney for appellant.

John M. Dalton, Atty. Gen., William B. Waters, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

A jury found Roy James Pitts guilty of burglary in the second degree and guilty of larceny in connection with the burglary and, in addition, the jury found a prior felony conviction. The jury, however, was "unable to assess the punishment for such guilt" and the court, as required under the statutes, fixed his punishment at the maximum provided for the two offenses, fifteen years' imprisonment in the penitentiary. V.A.M.S. §§ 546.390, 546.400, 546.410, 546.-440, 556.280(2), 560.095; Sup.Ct.Rules 27.-02, 27.03, 42 V.A.M.S.

Upon this appeal the appellant is not represented by counsel and no brief has been filed on his behalf in this court. Consequently, this court must consider all matters heretofore deemed a part of the record proper and all valid assignments of error set forth in his motion for a new trial. V.A.M.S. § 547.270; Sup.Ct.Rule 28.02; State v. Jonas, Mo., 260 S.W.2d 3. Upon the trial of his case the appellant was represented by the Public Defender Bureau and the fact that the bureau filed a brief or memorandum in the trial court in support of his motion for a new trial is not a waiver of the assignments of error not briefed in that court, the rule and the statute apply only to the practice and procedure in this court. State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774; State v. Boyd, Mo., 256 S.W.2d 765.

In this connection the assignments that the punishment assessed was so great as to be cruel and unusual and that the verdict of the jury was "illogical, inimical, facetious, paradoxical, fallacious and was a complete misunderstanding and in disregard of the Court's instructions" are not reviewable assignments of error. Sup.Ct.Rule 27.20; State v. Wilson, Mo., 248 S.W.2d 857, 860; State v. Henderson, supra. As indicated, in view of the jury's verdict no other sentence was possible and the verdict and sentence do not show passion and prejudice or cruel and unusual punishment. State v. Montgomery, Mo., 223 S.W.2d 463, 465; State v. O'Brien, Mo., 249 S.W.2d 433, 434. Likewise, the assignments that the circuit attorney "handled the verdicts" in his closing argument and continuously argued "about the 'uncontroverted evidence'" are not reviewable upon this record. The argument of counsel is not set forth in the record and, obviously, it is not possible to consider the alleged prejudicial effect of counsel's conduct or argument. State v. Gerberding, Mo., 272 S.W.2d 230, 235; State v. Price, 348 Mo. 361, 364, 153 S.W.2d 353, 355.

As to the prior conviction, the information alleged that in 1951 the appellant was convicted of burglary in the second degree and sentenced to two years' imprisonment and "was duly discharged * * * under conditional commutation of said sentence." It is urged that the setting forth of the prior conviction in the information

was not in good faith and was "alleged only for the purpose of prejudicing the jury," particularly on voir dire examination. It is also asserted that the information was fatally defective in that it did not allege a discharge "either upon pardon or upon compliance with the sentence". V.A.M.S. § 556.280. As to the latter assignment it has been definitely settled that a discharge "under conditional commutation" of sentence is a "pardon" or "compliance with the sentence" within the meaning of the statute, V.A.M.S. § 556.280, and subjects the subsequent offender to the penalties of the act. State ex rel. Stewart v. Blair, 356 Mo. 790, 203 S.W.2d 716; State v. Cerny, Mo., 248 S.W.2d 844, 845. In this case, contrary to the fact in most instances, the circuit attorney did not abandon the alleged prior conviction but proved it and the jury found it, and it is difficult to see how there could be any question as to his good faith with respect to the allegation. State v. Mosier, Mo., 102 S.W.2d 620; State v. Rickart, Mo., 81 S.W.2d 309.

As to the burglary and larceny, the facts were that shortly after eight o'clock, March 31, 1953, a man sitting in a window across the street from 726 South Fourth Street "seen a couple guys come by and throw something and break a glass and walk up the street and then come back and one reached in and got something." The man sitting in the window was unable to identify the men but by 8:40 a patrol car was informed of "a window smashing" and given a description of two men as possible suspects. As the patrol car stopped in front of the Eleven-O-Six Club, about a block from 726 South Fourth Street, two men standing outside the door went inside, "directly to the men's toilet," and detective Valenti followed them. One of the men was taking a belt out of a box and the detective arrested both of them and took them outside. Upon searching the appellant the officer found a belt and "a piece of wood" under his shirt. Subsequently, on April 1st, the appellant admitted that he and his companion got the belts "by breaking the front glass with a piece of iron and he said he removed them belts from the show window." Mr. Pepe, one of the store owners, identified the belts and a wooden belt rack as missing from his store window. A shirt and another missing belt were not accounted for. In these circumstances there was substantial evidence of the appellant's guilt and proof of every element of the offenses charged, State v. Estes, Mo., 281 S.W.2d 6; State v. O'Brien, supra, larceny in connection with a burglary is a felony regardless of the value of the property taken. State v. Wurtz, Mo., 11 S.W. 2d 1029, 1031; State v. Enochs, 339 Mo. 953, 98 S.W.2d 685.

The assignment that the court erred in sustaining an objection to counsel's "cross-examination of the police officers as to statements made by the defendant at the time of his arrest after portions of said statements had been admitted into evidence" is not in such detail and particularity, or so specific as to grounds, as to preserve any question for review. Sup.Ct.Rule 27.-20; State v. Jonas, supra. The insufficiency of the assignment is illustrated by the fact that the record does not reveal any such incident in connection with the cross-examination of the two officers who testified. In connection with the cross-examination of Mr. Pepe this did occur: "Q. In your presence there, Mr. Pepe, when the police officers were questioning this defendant, did the defendant, at any time, deny breaking that window? A. No." Upon objection that the question sought to elicit a self-serving statement, the court sustained the objection and neither then nor elsewhere in the record was there an offer of proof, State v. Perkins, Mo., 92 S.W.2d 634, 638, and from all that appears the answer sought was an inadmissible self-serving declaration. State v. Wright, 352 Mo. 66, 175 S.W.2d 866.

Questions not required to be presented in a motion for new trial have been examined and the transcript shows compliance with all matters necessary to be considered by this court "upon the record before it." Sup.Ct.Rule 28.02; V.A.M.S. § 547.270. The information appropriately charges the appellant with the offense of burglary in the second degree and a larceny in connec-

tion with the burglary, V.A.M.S. §§ 560.070, 560.110, the verdict is proper in form and responsive to the information, as indicated in the beginning, there was allocution and the sentence and judgment are proper and responsive to the verdict. V.A.M.S. §§ 546.560, 546.570. Since no error is found or demonstrated upon the transcript the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.