[No. S141654. June 5, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL JESSE NAJERA, Defendant and Appellant.

## COUNSEL

Laura G. Schaefer, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson and Mary Jo Graves, Chief Assistant Attorneys General, Gary W. Schons, Assistant Attorney General, Raquel M. Gonzalez, Steve Oetting and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAXTER, J.**—Defendant was spotted driving a stolen car less than a day after the owner had reported it missing. Defendant was using a shaved key—a key whose teeth have been shaved down to bypass the pins in the ignition cylinder—and the ignition system was, in the words of the arresting officer, "very loose." Personal property belonging to the car's owner was found in possession of the passenger, defendant's sister. Defendant was convicted of the unlawful taking of a vehicle and possession of burglary tools. On appeal, he asserted that the trial court had erred in failing to instruct the jury on its own motion that possession of recently stolen property was insufficient by itself to establish guilt of the charged offenses. (See CALJIC

No. 2.15.) We agree with the Court of Appeal that the trial court had no sua sponte duty to provide such an instruction and therefore affirm.

BACKGROUND

Around 8:00 p.m. on July 21, 2004, Joseph Donato parked his white 1991 Acura Integra in the parking lot of his apartment complex in Escondido. When he returned to the lot around 6:00 a.m. the next morning, the car was gone. Donato promptly filed a report of the stolen car with the police.

Escondido Police Officer Tim Reiley spotted a white Integra driving unusually slowly in downtown Escondido around 12:30 a.m. on July 23 and recalled that a vehicle matching that description had been reported stolen the previous day. He ran a computer check on the license plate, verified that this was the stolen car, and ordered a stop. Defendant was driving; his sister, Erica Najera, was the passenger.

The key in the ignition had been "shaved." Officer Reiley explained that a shaved key is a standard vehicle key that has been shaved down with a metal file or other hard object to make it much slimmer than a regular key. A shaved key enables the user to bypass the pins in the ignition cylinder, so that the key may be used to start cars other than the one for which the key was designed, and to enter such cars as well. A second key on the same key ring also showed signs of alteration. Officer Reiley inserted a flathead screwdriver into the ignition to see whether it had been damaged. He found that the ignition system was "sloppy" and "very loose" and that he could start the car with the screwdriver. In his opinion, a person trying to start the car would have noticed that the ignition had been altered.

From Erica Najera's person or purse, police recovered three additional shaved keys as well as Donato's watch, pepper spray, and a "player card" from Valley View Casino.

A jury convicted defendant of unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) and unlawful possession of burglary tools (Pen. Code, § 466). Defendant then admitted previous convictions of unlawfully driving a vehicle (Pen. Code, § 666.5, subd. (a)) and two prior prison term enhancements (*id.,* § 667.5, subd. (b)). The trial court sentenced defendant to four years in prison, awarded credits of 264 days, and ordered defendant to pay restitution.

On appeal, defendant raised only one issue—i.e., that the trial court prejudicially erred in failing to instruct the jury sua sponte, in accordance with CALJIC No. 2.15, that recent possession of stolen property alone is

insufficient to establish his guilt of theft-related offenses. The Court of Appeal, in a published opinion, held that CALJIC No. 2.15 was not the type of instruction that must be given sua sponte in every theft-related case.

DISCUSSION

■ "It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are necessary for the jury's understanding of the case." (*People v. St. Martin* (1970) 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390].) Defendant Michael Jesse Najera claims that CALJIC No. 2.15 satisfies this standard, in that it directs the jury not to convict a defendant of a theft-related offense based solely on the defendant's possession of recently stolen property, and thus ought to have been given to the jury on the court's own motion in this case.[1]

Defendant relies in particular on our previous recognition of a similar sua sponte duty to instruct the jury concerning the requirement that accomplice testimony be corroborated. (*People v. Warren* (1940) 16 Cal.2d 103, 117–119 [104 P.2d 1024].) He points to CALJIC No. 3.11 (Fall 2006 rev.), which informs the jury that a defendant may not be found guilty based upon the testimony of an accomplice "unless that testimony is corroborated by other evidence which tends to connect [the] . . . defendant with the commission of the offense." For the reasons set forth below, we do not agree with defendant that the corroboration requirement for accomplices is sufficiently analogous to the corroboration requirement for the possession of recently stolen property for purposes of defining the scope of a trial court's duty to instruct on its own motion in this case.

As we have previously explained, accomplice testimony requires corroboration not because such evidence is factually insufficient to permit a reasonable trier of fact to find the accused guilty beyond a reasonable doubt, but

---

[1] CALJIC No. 2.15 (Spring 2008 ed.) provides: "If you find that a defendant was in [conscious] possession of recently [stolen] [extorted] property, the fact of that possession is not by itself sufficient to permit an inference that the defendant _____ is guilty of the crime of _____. Before guilt may be inferred, there must be corroborating evidence tending to prove defendant's guilt. However, this corroborating evidence need only be slight, and need not by itself be sufficient to warrant an inference of guilt. [¶] As corroboration, you may consider [the attributes of possession—time, place, and manner,] [that the defendant had an opportunity to commit the crime charged,] [the defendant's conduct,] [[his] [her] false or contradictory statements, if any,] [and] [or] [other statements [he] [she] may have made with reference to the property] [a false account of how [he] [she] acquired possession of the stolen property] [any other evidence which tends to connect the defendant with the crime charged]."

because "[t]he Legislature has determined that because of the reliability questions posed by certain categories of evidence, evidence in those categories by itself is insufficient as a matter of law to support a conviction." (*People v. Cuevas* (1995) 12 Cal.4th 252, 261 [48 Cal.Rptr.2d 135, 906 P.2d 1290]; see Pen. Code, § 1111.) That is, even though accomplice testimony would qualify as "substantial evidence" to sustain a conviction within the meaning of *People v. Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738], the Legislature has for policy reasons created an "exception[]" to the substantial evidence test and requires accomplice testimony to be corroborated. (*Cuevas, supra*, 12 Cal.4th at p. 261.) In the absence of an instruction on the legal requirement that an accomplice be corroborated, there is a risk that a jury—especially a jury instructed in accordance with CALJIC No. 2.27 that the testimony of a single witness whose testimony is believed is sufficient for proof of any fact—might convict the defendant without finding the corroboration Penal Code section 1111 requires. (See *People v. Williams* (1988) 45 Cal.3d 1268, 1312–1313 [248 Cal.Rptr. 834, 756 P.2d 221].) The corroboration requirement for accomplices thus qualifies as a general principle of law vital to the jury's consideration of the evidence, and the jury must be so instructed even in the absence of a request. (*People v. Warren, supra*, 16 Cal.2d at p. 117 [the accomplice instructions "deal with the vital question of the sufficiency of the evidence to sustain the conviction under the salutary rule laid down in section 1111 of the Penal Code"].)

We have similarly required that trial courts instruct, sua sponte, on the corpus delicti rule, which provides that the corpus delicti or body of the crime cannot be proved exclusively by the defendant's extrajudicial statements. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1165 [119 Cal.Rptr.2d 903, 46 P.3d 372]; see CALJIC No. 2.72.) Because the defendant's extrajudicial admissions of guilt, in the absence of the corpus delicti rule, would otherwise qualify as substantial evidence to support a conviction (see *People v. Vertrees* (1915) 169 Cal. 404, 409 [146 P. 890]), the trial court is obligated to instruct the jury on the requirement of corroboration, which is a general principle of law "vital to a proper consideration of the evidence." (*People v. Holbrook* (1955) 45 Cal.2d 228, 233 [288 P.2d 1]; see also *People v. Starr* (1970) 11 Cal.App.3d 574, 579 [89 Cal.Rptr. 906].)[2]

---

[2] The Court of Appeal has imposed a sua sponte duty to instruct that the testimony of a single witness is not sufficient to establish falsity in a perjury prosecution (*People v. Di Giacomo* (1961) 193 Cal.App.2d 688, 698 [14 Cal.Rptr. 574]; see CALJIC No. 7.23) and that uncorroborated evidence of dog tracking is not sufficient to establish the guilt of the accused (*People v. Malgren* (1983) 139 Cal.App.3d 234, 241 [188 Cal.Rptr. 569]; see CALJIC No. 2.16). The theory underlying the sua sponte duty in both instances mirrors that discussed in the text above—i.e., not that the jury needs assistance in performing its assigned role of evaluating the sufficiency of the evidence under the legal rules provided elsewhere in the instructions, but that an extrinsic legal rule renders insufficient what would otherwise be evidence sufficient to sustain a verdict of guilt. (See *People v. Cuevas, supra*, 12 Cal.4th at

■ Although possession of recently stolen property, if uncorroborated, is likewise insufficient to establish the accused's guilt of a theft-related offense, the insufficiency does not derive from an extrinsic legal rule but, rather, is apparent from the general rule governing the jury's consideration of circumstantial evidence. As we long ago observed, there may be an innocent explanation for the circumstance of possession. " 'The real criminal . . . may have artfully placed the article in the possession or on the premises of an innocent person, the better to conceal his own guilt; or it may have been thrown away by the felon in his flight, and found by the possessor, or have been taken from him in order to restore it to the true owner, or otherwise have come lawfully into his possession.' " (*People v. Chambers* (1861) 18 Cal. 382, 383, overruled on other grounds in *People v. McFarland* (1962) 58 Cal.2d 748, 758 [26 Cal.Rptr. 473, 376 P.2d 449]; see also *People v. Holt* (1997) 15 Cal.4th 619, 677 [63 Cal.Rptr.2d 782, 937 P.2d 213] [an inference of guilt based solely on possession of recently stolen property would be "unwarranted"].)

■ In this case, defendant's possession of the recently stolen vehicle, while circumstantial evidence that he intended to deprive the owner of the vehicle, did not, in itself, eliminate the possibility of an innocent explanation for defendant's presence behind the wheel of a car he did not own. However, the trial court had no sua sponte duty to instruct the jury on how to weigh this particular piece of circumstantial evidence, inasmuch as the jury had been instructed generally how to weigh circumstantial evidence in accordance with CALJIC No. 2.02: "The specific intent with which an act is done may be shown by the circumstances surrounding the commission of the act. However you may not find the defendant guilty of the crime charged in Counts 1 and 2, the crimes of Unlawful Vehicle Taking and Possession of Burglar Tools, unless the proved circumstances are not only (1) consistent with the theory that the defendant had the required specific intent but (2) cannot be reconciled with any other rational conclusion." Indeed, defense counsel identified this instruction as "probably the most important [instruction] in this type of case" and emphasized that "if the circumstances can both reasonably be interpreted in two ways, the law requires you to adopt the interpretation pointing to innocence." Because the portion of CALJIC No. 2.15 that defendant claims ought to have been given was merely a specific application of the general instruction governing circumstantial evidence, the omitted instruction was not " 'vital to a proper consideration of the evidence by the jury' " (*People v. McClellan* (1969) 71 Cal.2d 793, 806 [80 Cal.Rptr. 31,

p. 261 [the rule requiring corroboration of a single witness's testimony concerning the falsity of a perjurious statement is an "exception[]" to the substantial evidence test]; *People v. Gonzales* (1990) 218 Cal.App.3d 403, 412–413 [267 Cal.Rptr. 138] [uncorroborated dog tracking evidence is insufficient to establish identity because of concerns about reliability and the inability to subject the dog to cross-examination].)

457 P.2d 871]), and the trial court therefore had no duty to give CALJIC No. 2.15 on its own motion. (Cf. *People v. Silva* (2001) 25 Cal.4th 345, 371–372 [106 Cal.Rptr.2d 93, 21 P.3d 769].)

■     Where, as here, an instruction simply informs the jury that a fact or cluster of facts is not, without more, substantial evidence of guilt under the ordinary legal rules set forth elsewhere in the instructions, we have not imposed a duty on trial courts to provide such an instruction sua sponte. For example, the instructions concerning consciousness of guilt (CALJIC Nos. 2.03, 2.04, 2.05 & 2.06) recite that such evidence is not sufficient by itself to prove guilt, yet we have never held that the trial court has a sua sponte duty to instruct the jury accordingly. (See Judicial Council of Cal., Crim. Jury Instns. (Fall 2007) Bench Notes to CALCRIM No. 371 ["No authority imposes a duty to give this instruction sua sponte."].)[3] Similarly, the instructions concerning evidence of other sexual offenses (CALJIC No. 2.50.01) and other acts of domestic violence (CALJIC No. 2.50.02), elder abuse (CALJIC No. 2.50.03), and child abuse (CALJIC No. 2.50.04) provide that such evidence is not sufficient to establish beyond a reasonable doubt that the accused committed the charged crime or crimes, but such instructions are given to the jury only at the defendant's request. (*People v. Falsetta* (1999) 21 Cal.4th 903, 920 [89 Cal.Rptr.2d 847, 986 P.2d 182]; *People v. Jennings* (2000) 81 Cal.App.4th 1301, 1316–1318 [97 Cal.Rptr.2d 727].) And we have likewise held that there is no sua sponte duty to instruct that evidence of motive alone is insufficient to prove guilt. (*People v. Jurado* (2006) 38 Cal.4th 72, 124–125 [41 Cal.Rptr.3d 319, 131 P.3d 400]; *People v. Cleveland* (2004) 32 Cal.4th 704, 750 [11 Cal.Rptr.3d 236, 86 P.3d 302].) As the Court of Appeal pointed out below, "an instruction that tells the jury what kinds of rational inferences may be drawn from the evidence does not provide any insight jurors are not already expected to possess." (See *People v. Guiton* (1993) 4 Cal.4th 1116, 1127 [17 Cal.Rptr.2d 365, 847 P.2d 45].) Such instructions, while helpful in various circumstances, are not vital to the jury's ability to analyze the evidence and therefore are not instructions that must be given to the jury even in the absence of a request.[4]

---

[3] *People v. Atwood* (1963) 223 Cal.App.2d 316 [35 Cal.Rptr. 831] found that the trial court had a sua sponte duty to instruct on adoptive admissions and false statements indicating a consciousness of guilt "under the particular evidentiary circumstances of the case," which included error in giving instructions concerning the instructions on oral admissions that "would have a tendency to mislead the jury." (*Id.* at p. 334). We do not read *Atwood* as imposing a categorical duty on trial courts to instruct on these issues. (See *People v. Carter* (2003) 30 Cal.4th 1166, 1197–1198 [135 Cal.Rptr.2d 553, 70 P.3d 981].)

[4] Trial courts *do* have a sua sponte duty to instruct that flight alone is insufficient to establish guilt, but that duty is imposed by statute. (Pen. Code, § 1127c.) "The Legislature's purpose in enacting section 1127c was to abolish the rule stated in many early cases that the jury could not be instructed to consider flight as evidence of guilt unless it had been proved that the

Defendant argues next that the trial court had a sua sponte duty to give CALJIC No. 2.15 because of Evidence Code section 502, which directs the trial court "on all proper occasions [to] instruct the jury as to which party bears the burden of proof on each issue and as to whether that burden requires that a party . . . establish the existence or nonexistence of a fact . . . by proof beyond a reasonable doubt." We disagree. The jury here was instructed on the People's burden of proof as well as the standard of proof beyond a reasonable doubt. Evidence Code section 502 did not require the jury be further instructed with CALJIC No. 2.15; "CALJIC No. 2.15 did not directly or indirectly address the burden of proof," nor did it affect the prosecution's "burden of establishing guilt beyond a reasonable doubt." (*People v. Prieto* (2003) 30 Cal.4th 226, 248 [133 Cal.Rptr.2d 18, 66 P.3d 1123].)

Defendant's remaining argument for a sua sponte duty rests entirely on two Court of Appeal cases: *People v. Clark* (1953) 122 Cal.App.2d 342 [265 P.2d 43] (*Clark*), and *People v. Smith* (1950) 98 Cal.App.2d 723 [221 P.2d 140] (*Smith*). Neither offers persuasive support for his proposed rule.

In *Smith,* the defendant was in a tavern attempting to sell a typewriter that had recently been stolen from a county office. He was charged with burglary. A portion of the jury instructions provided that the defendant was not being charged " 'with stealing this typewriter, but with entering the office of the Santa Clara County Building Inspector, . . . with the intent to commit theft. And the basis, the method by which the People undertake to prove it is by showing from their testimony that this typewriter was in that building at a certain time, and that thereafter was in the defendant's possession, was sold by him, at least disposed of, and under the various circumstances shown in the evidence of this case. It is up to the jury to determine whether or not the defendant entered this building with the intent of stealing, committing larceny.' " (*Smith, supra,* 98 Cal.App.2d at p. 729.) The defendant claimed that this instruction "erroneously told the jury that proof of possession of the stolen property . . . was sufficient evidence that he entered the building with intent to commit theft." (*Id.* at p. 728.) The Court of Appeal agreed that the instruction was "uncertain and inadequate concerning possession of stolen property by a defendant" (*id.* at p. 729) and declared, in the context of that particular case, that the jury ought to have been instructed that possession of recently stolen property " 'is a circumstance which may be considered by the jury in connection with other evidence' " but is not alone sufficient to establish guilt of the burglary. (*Id.* at p. 730.)

fleeing suspect had previously learned that he was accused of commission of a particular crime." (*People v. Hill* (1967) 67 Cal.2d 105, 120–121 [60 Cal.Rptr. 234, 429 P.2d 586].)

Like the Court of Appeal below, we believe that *Smith* "did not involve the trial court's failure to instruct on applicable legal principles that were necessary for the jury's proper consideration of the case" but, rather, "concerned an instruction that improperly suggested the jury could rely on circumstantial evidence of possession in a manner contrary to existing law." (See generally *People v. Castillo* (1997) 16 Cal.4th 1009, 1015 [68 Cal.Rptr.2d 648, 945 P.2d 1197] ["Even if the court has no sua sponte duty to instruct on a particular legal point, when it does choose to instruct, it must do so correctly."].)

*Clark,* an opinion from the same panel that decided *Smith,* offered no independent analysis to support its conclusion that the trial court had a sua sponte duty to instruct the jury that the possession of recently stolen property would not alone establish the accused's guilt of burglary. *Clark* relied solely on the Attorney General's concession that the failure to so instruct was error and on its own assertion that *Smith* "undoubtedly" required such an instruction be given sua sponte. (*Clark, supra,* 122 Cal.App.2d at p. 346.) Notably, *Clark* did not mention what other instructions on circumstantial evidence had been given.

Neither *Smith* nor *Clark* offers a justification for imposing a duty on trial courts to supply an instruction on their own motion about the possession of recently stolen property in all theft-related cases. Indeed, neither even mentions the basic principles governing a trial court's duty to instruct on its own motion. To the extent these two opinions can be read to impose such a duty in all theft-related prosecutions, they are disapproved.

Finally, we note that our sister states have similarly declined to impose on trial courts a sua sponte duty to instruct on the limited significance of possession of recently stolen property in theft-related prosecutions. (*People v. Huynh* (Colo.Ct.App. 2004) 98 P.3d 907, 914 ["Because no instruction emphasized that the jury could draw an inference of guilt from defendant's unexplained possession of the stolen credit cards, there was no corresponding need to emphasize any precautionary principles."]; *Foust v. State* (Ind. 1981) 428 N.E.2d 776, 779 [issue was adequately covered by instructions on the burden and standard of proof]; *Commonwealth v. Lutz* (1980) 9 Mass.App.Ct. 357 [401 N.E.2d 148, 152]; *State v. Price* (1941) 348 Mo. 361 [153 S.W.2d 353, 354–355]; *State v. Pastore* (1975) 133 N.J. Super. 168 [336 A.2d 4, 6] ["the principle is nothing more nor less than a statement of elementary logic which anyone, judge or juror, would apply as a matter of common sense in evaluating this single piece of circumstantial evidence in the setting of all the other evidence in the case"]; *McDoulett v. State* (1971) 1971 OKCR 122 [486 P.2d 654, 656]; *State v. Kirkman* (1967) 20 Utah 2d 44 [432 P.2d 638, 638–639]; *Benson v. State* (Wyo. 1977) 571 P.2d 595, 598–600.)

## Disposition

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.