Filed 3/3/14  P. v. Reyes CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B244374 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA393164) |
| v. | |
| JUSTIN BRYAN REYES et al., | |
| Defendants and Appellants. | |

APPEAL from judgments of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Affirmed with directions.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant, Justin Bryan Reyes.

Ann Bergen, under appointment by the Court of Appeal, for Defendant and Appellant, Maria Garcia.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Maria Garcia was convicted of one count of first degree burglary in violation of Penal Code[1] section 459, one count of second degree burglary in violation of section 459, and one count of grand theft in violation of section 487, subdivision (a). Appellant Justin Reyes was convicted of the same three counts, and was also convicted of one count of attempted first degree burglary in violation of sections 664 and 459, one count of attempted petty theft in violation of sections 664 and 484, subdivision (a), and one count of possession of burglar's tools in violation of section 466. The trial court imposed a sentence of four years and eight months on appellant Garcia and seven years and six months on appellant Reyes. The court imposed various fines on both appellants.

Appellants appeal from the judgment of conviction, contending there is insufficient evidence to support their convictions for the second degree car burglary. Appellant Reyes contends the trial court erred in imposing a separate sentence for his conviction for possession of burglary tools and ordering him to serve a misdemeanor sentence in prison. Appellant Garcia contends her trial counsel's failure to request CALCRIM No. 304 constituted ineffective assistance of counsel.[2] We agree appellant Reyes' misdemeanor sentence must be served in county jail. We affirm the judgments of conviction in all other respects.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Garcia has filed a petition for writ of habeas corpus on this same issue (B249329), to be heard concurrently with this appeal.

2

FACTS

a. Count 1 - first degree burglary

On January 1, 2012, Silvana Cayax and her family returned to their home on St. Andrews Place. As Cayax walked past the bathroom, she saw two "shapes or shadows" inside. She closed the door, told her husband to call 911, then opened the door and turned on the light. She saw appellants Reyes and Garcia in the bathroom. She recognized them as friends of her son. They left through the bathroom window. Cayax then discovered that her home had been ransacked and $20 was missing.

b. Count 4 –attempted first degree residential burglary and attempted petty theft

On January 21, 2012, at about 9:00 a.m., Kari Ann O'Donnell looked through the window of her home on North Windsor Boulevard and saw appellant Reyes walking through her backyard toward her neighbor's home. Appellant Reyes returned and walked toward the side door of O'Donnell's home. She saw him trying to take a bicycle that was locked to a balustrade. O'Donnell hit her hand against the window several times and appellant Reyes left. O'Donnell called the police. O'Donnell's neighbor, Edson Herrera, later discovered that his bicycle had been taken from outside his home. Police returned it to him later in the day on January 21.

c. Counts 2 and 3 – second degree burglary and grand theft

On January 21, 2012, at about 9:45 a.m., Los Angeles Police Department Officer Christina Johnson and her partner Officer Wolfe responded to a call about a possible burglary. They observed appellant Reyes walking on Windsor Boulevard, carrying a bag of golf clubs in one hand and a bicycle in the other. Appellant Reyes was wearing black gloves. He approached a residence, knocked, then left. The officers detained him, and discovered that he had a screwdriver, knife and pliers in his pocket. These tools can be used to commit burglaries.

After appellant Reyes was detained, appellant Garcia approached the officers. She said that appellant Reyes was her boyfriend and asked why the police had detained him.

3

She then said that the golf clubs belonged to her friend Melissa, and that she and appellant Reyes were looking for Melissa. The officers detained appellant Garcia. They discovered that a purse she was carrying contained a bank statement and car registration for Michael Simmons, and what appeared to be Simmons' iPhone/iPod.

Officer Johnson contacted Simmons, who lived on Windsor Place. Simmons identified the iPhone/iPod, golf clubs, and documents from appellant Garcia's purse as his.[3] These items were in his Toyota 4-Runner when he parked and locked it the previous night. The Toyota's parking place was about 100 yards from where appellants were arrested. Simmons did not give anyone permission to enter his truck or take any of the items.

d. Defense

Both appellants offered an alibi defense to the Cayax burglary charge. Appellant Reyes' mother testified that both appellants were with her at a family New Year's Eve party from 10:00 p.m. to 3:00 a.m. Appellant Reyes' cousin Carlos Montufar testified that both appellants were at the party from 10:00 p.m. to 3:00 a.m. Appellant Reyes did not leave the party during that time. Cayax's house was about five minutes away from the party's location.

Appellant Garcia's mother, Dora Menendez, testified that Garcia lived with appellant Reyes and his family, and if Reyes left the house, Garcia would go looking for him.

DISCUSSION

1. Sufficiency of the evidence – car burglary

Appellants contend there is insufficient evidence to support their conviction for car burglary because the People's case against them consisted only of their possession of

---

[3] The golf clubs were worth about $3000 and the iPhone/iPod between $300 and $400. A pair of tennis shoes worth about $300 were recovered in the area, and were also determined to have been taken from Simmons' Toyota.

4

stolen property and their commission of a residential burglary three weeks earlier, and that such a conviction violates their state and federal constitutional rights to due process and a fair trial. They argue that a conviction for car burglary requires there to be corroborating evidence connecting the defendant to entry into the car or placing the defendant at the scene of the crime at or around the time the crime took place. There is sufficient evidence to support appellants' conviction.

"'In reviewing a challenge to the sufficiency of the evidence, we do not determine the facts ourselves. Rather, we examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] [¶] The same standard of review applies to cases in which the prosecution relies primarily on circumstantial evidence and to special circumstance allegations. [Citation.] [I]f the circumstances reasonably justify the jury's findings, the judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] We do not reweigh evidence or reevaluate a witness's credibility. [Citations.]'" (*People v. Nelson* (2011) 51 Cal.4th 198, 210 [internal quotation marks omitted].)

"When . . . a defendant is found in possession of property stolen in a burglary shortly after the burglary occurred, the corroborating evidence of the defendant's acts, conduct, or declarations tending to show his guilt need only be slight to sustain the burglary convictions. [Citations.]" (*People v. Mendoza* (2000) 24 Cal.4th 130, 176.) There is no bright line rule as to what time interval is covered by the phrases "shortly after" or "recently stolen." (See *People v. Anderson* (1989) 210 Cal.App.3d 414, 421.) It is well established, however, that a period of a day or less constitutes "shortly after the burglary." (See, e.g. *People v. Hallman* (1973) 35 Cal.App.3d 638, 640 [within 25 hours]; *People v. Clark* (1953) 122 Cal.App.2d 342, 345 [about 12 hours], overruled in part by *People v. Najera* (2008) 43 Cal.4th 1132, 1141; *People v. Conrad* (1954) 125

5

Cal.App.2d 184, 185 [following day]; *People v. Owens* (1947) 79 Cal.App.2d 290, 295 [morning after burglary discovered]; *People v. Smith* (1950) 98 Cal.App.2d 723, 724 [14 hours], overruled in part by *People v. Najera*, *supra*, at p. 1141.)[4]

Examples of corroborating evidence include "'(1) 'the attributes of possession-time, place and manner'; (2) 'that the defendant had the opportunity to commit the crime charged'; (3) 'the defendant's conduct'; (4) 'his false or contradictory statements, if any'; (5) 'other statements he may have made with reference to the property'; (6) 'a false account of how he acquired possession of the stolen property'; and (7) 'any other evidence which tends to connect the defendant with the crime charged.'" (*People v. Mendoza, supra*, 24 Cal.4th at p.176 [quoting CALJIC No. 2.15].)

Here, the evidence shows appellant Reyes was found near the scene of the burglary in possession of recently stolen golf clubs. The burglarized car was parked in the 600 block of Windsor Boulevard. Appellant Reyes was detained by police on that same block. The golf clubs were inside Simmons' Toyota when it was parked on the evening of January 20. Appellant Reyes was detained about 9:45 a.m. on January 21. He was on foot, carrying the stolen golf clubs, facts which suggest he had very recently acquired the golf clubs. Thus, the attributes of possession are corroborating evidence.

When a patrol car arrived in the area, appellant Reyes went up to a residence, knocked on the door, and then walked away for no apparent reason. This behavior could reasonably be understood as an attempt to avoid detection by the police, and thus to show consciousness of guilt. (See *People v. Pensinger* (1991) 52 Cal.3d 1210, 1243-1245 [flight from police can indicate consciousness of guilt]; *People v. Bradford* (1997) 14 Cal.4th 1005, 1054-1055 [flight does not require the physical act of running away from the crime scene; all it requires is that the defendant intended to avoid being seen or arrested].) Appellant Reyes offered no explanation for his possession of the golf clubs,

---

[4] Even longer periods have been found to be "shortly after" the theft. (See, e.g., *People v. Citrino* (1956) 46 Cal.2d 284, 286 [within a few days]; *People v. Midkiff* (1968) 262 Cal.App.2d 734, 741 [ten days]; *People v. Reynolds* (1957) 149 Cal.App.2d 290, 295 [six days].)

another circumstance which can show consciousness of guilt. (*People v. Holley* (1961) 194 Cal.App.2d 538, 540-541 ["When property which was stolen in a burglary is found in the possession of a person soon after the theft and such person is unable or unwilling to truthfully account for the manner in which he acquired the possession of such property the possession and guilty conduct are presumptive evidence that such person obtained the property burglariously."].) Appellant Reyes did not contradict appellant Garcia's false claim that the golf clubs belonged to a friend and Reyes was seeking to return them to her, yet another circumstance which can show consciousness of guilt. (See *People v. Citrino, supra*, 46 Cal.2d at p. 288-289 [false statements about the source of property tend to show consciousness of guilt and constitute valid corroborating evidence]; *People v. Green* (1995) 34 Cal.App.4th 165, 180-181 ["Where recently stolen property is found in the conscious possession of a defendant who, upon being questioned by the police, gives a false explanation regarding his possession or remains silent under circumstances indicating consciousness of guilt, an inference of guilt is permissible."].) Thus, appellant Reyes' conduct and silence, which indicated consciousness of guilt, were corroborating evidence.

There is similar corroborating evidence for appellant Garcia. When police detained her, she was carrying a purse which contained Simmons' iPhone/iPod, bank statement and car registration. Appellant Garcia was also detained within a block of the burglarized car, the morning after the car was parked and locked by its owner. Thus, the attributes of her possession were corroborating evidence. She offered police the false statement that the golf clubs belonged to her friend Melissa, showing consciousness of guilt and providing further corroborating evidence.

Since we have determined that "a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, the due process clause of the United States Constitution is satisfied [citation] as is the due process clause of article I, section 15 of the California Constitution." (*People v. Osband* (1996) 13 Cal.4th 622, 690.)

7

2. CALCRIM No. 304

The court admitted evidence that appellant Reyes stole a bicycle belonging to Edson Herrera, an uncharged crime, and instructed the jury with CALCRIM No. 375 limiting the use of this evidence. Appellant Garcia contends her counsel was ineffective in failing request that the jury also be instructed with CALCRIM No. 304 concerning the uncharged crimes evidence. She argues that absent CALCRIM No. 304, CALCRIM No. 375 was misleading, and deprived her of her constitutional right to have a jury determine every material issue presented by the evidence, resulting in a violation of due process.

An appellant has the burden of proving ineffective assistance of counsel. (*People v. Pope* (1979) 23 Cal.3d 412, 425.) In order to establish such a claim, appellant must show that his counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's error, a different result would have been reasonably probable. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland v. Washington*, *supra*, 466 U.S. at p. 694.) In the absence of prejudice, the reviewing court may reject the claim of ineffective assistance of counsel without reaching the issue of deficient performance. (*Id.* at p. 697; see *In re Fields* (1990) 51 Cal.3d 1063, 1079.)

CALCRIM No. 375, as given, stated: "The People presented evidence that defendant Reyes committed the petty theft of a bicycle belonging to [Edson] Herrera that was not charged in this case. [¶] You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed this uncharged offense. Proof by a preponderance of the evidence is a different burden of proof than proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true. [¶] If the People have not met this burden, you must disregard this evidence entirely. [¶] If you decide that the defendant committed the petty theft of [Edson] Herrera's bicycle, you may, but are not required to, consider that evidence for the limited purpose of deciding whether or not: [¶] The defendant was the person who committed the offenses charged

8

in Counts 2, 3, 4 and 6; or [¶] The defendant acted with the intent and motive to commit the acts charged in Counts 2, 3, 4 and 6. [¶] . . . [¶] Do not consider this evidence for any other purpose."

Appellant Garcia contends that CALCRIM No. 375 did not clearly state that it applied only to appellant Reyes. She points out that it refers to Reyes by name only once, but uses the term "defendant" seven times. She argues that this ambiguity was exacerbated by CALCRIM No 203, which told the jury: "You must separately consider the evidence as it applies to each defendant. You must decide each charge for each defendant separately. . . . [¶] Unless I tell you otherwise, all instructions apply to each defendant." Appellant Garcia claims the instructions together "could easily have confused" the jury as to whether the uncharged bicycle crime could be used against Garcia.

Appellant Garcia claims the confusion could have been remedied by CALCRIM No. 304, which provides: "I instructed you during the trial that certain evidence was admitted only against [a] certain defendant[s]. You must not consider that evidence against any other defendant. (CALCRIM No. 304.)

We do not agree that CALCRIM No. 375, alone or with the other instructions, was in any way ambiguous. The first sentence clearly states that the evidence involved "defendant Reyes." Subsequent references to "the defendant" can only be understood as referring to Reyes.[5] If anything, CALCRIM No. 203 reinforces this understanding. It begins by telling the jury to separately consider the evidence as it applies to each defendant, thus clearly indicating that not all evidence applied to both defendants. Similarly, by instructing the jury that all instructions apply to both defendants *unless* the court instructed otherwise, CALCRIM No. 203 alerted the jury to the possibility that some instructions might apply to only one of the defendants. Thus, there was no reasonable likelihood that the jury misconstrued or misapplied the terms of CALCRIM

---

[5] The instruction also told the jury that it could use the evidence to decide whether "[t]he defendant was the person who committed the crimes charged in Counts 2, 3, 4 and 6." Only Reyes was charged in all four of those counts.

9

No. 375. (See *People v. Thornton* (2007) 41 Cal.4th 391, 436 [reviewing court determines whether there is a reasonable likelihood jury misapplied or misconstrued challenged instruction]; see also *Middleton v. McNeil* (2004) 541 U.S. 433, 437.)

Since CALCRIM No. 304 was not needed to clarify CALCRIM No. 375, appellant Garcia has not shown prejudice from her counsel's failure to request CALCRIM No. 304. Further, the evidence against appellant Garcia was very strong. As we discuss in section 2, appellant Garcia was found in possession of some Simmons' recently stolen property when she was detained by police about 100 yards from Simmons' Toyota. Appellant Reyes had more of Simmons' recently stolen property. Appellant Garcia made a false statement about the ownership of the stolen golf clubs. Thus, there is no reasonable probability that appellant Garcia would have received a more favorable verdict if the jury had been instructed with CALCRIM No. 304.

3. Appellant Reyes's misdemeanor sentence for possession of burglary tools

Appellant Reyes contends the trial court erred in failing to stay his conviction pursuant to section 654. He contends the evidence showed that he possessed the burglar's tools with the intent to use them to break into the Toyota and steal its contents, and so he did not have separate and independent intents for the two crimes. He concludes the court erred in failing to stay the burglar's tools conviction under section 654. We see no error.

Section 654 bars multiple punishments for convictions arising out of an indivisible course of conduct committed pursuant to a single criminal intent or objective. (*People v. Hester* (2000) 22 Cal.4th 290, 294.) Section 654 does not bar multiple punishment for multiple objectives in an indivisible course of conduct. (*People v. Garcia* (2008) 167 Cal.App.4th 1550, 1564.)

"'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor . . . .' [Citation.]" (*People v. Britt* (2004) 32 Cal.4th 944, 951-952.) "[I]f all of the offenses were merely incidental to, or were the means of accomplishing or

10

facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once. [Citation.]" (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)

The issue of whether a defendant harbored a single or multiple objectives during a course of criminal conduct is a factual question for the trial court. (*People v. Coleman* (1989) 48 Cal.3d 112, 162.) We review this determination for substantial evidence, and presume in support of the court's conclusion the existence of every fact the court could reasonably have deduced from the evidence. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

Here, it is reasonable to infer from the evidence that appellant Reyes did not use the burglar's tools to obtain entry to Simmons' Toyota. The Toyota showed no signs of damage from a forced entry. Expert testimony indicated that the tools found in appellant Reyes' possession almost always cause damage to a vehicle when used to force entry, but other tools, such as a "slim jim" could be used to unlock a vehicle without causing damage. It was much more likely that appellant Reyes used tools other than the ones found in his possession to enter the Toyota. Thus, it is reasonable to infer that appellant Reyes intended to use the burglar's tools for other crimes. This is substantial evidence to support the trial court's finding of separate intents.

4. Misdemeanor sentence

In the alternative, appellant Reyes contends the trial court erred in failing to order that his misdemeanor sentence for possession of burglary tools be served in county jail. Respondent agrees the sentence must be served in county jail, but contends the trial court erred in sentencing appellant Reyes to only two months for the conviction.

The parties are correct that appellant Reyes' misdemeanor sentence must be served in county jail. "[M]isdemeanor terms, unless imposed concurrently with a felony term, are served in local detention facilities and are not part of a continuous period of imprisonment under the supervision of the same correctional officials." (*In re Eric J.* (1979) 25 Cal.3d 522, 537; *In re Kindred* (1981) 117 Cal.App.3d 165, 168.)

11

Respondent claims the trial court erred in sentencing appellant Reyes to only two months for the misdemeanor rather than a full six months. The court stated: "And so for count 6, the misdemeanor, one-third of the sentence of six months, an additional 2 months is imposed." Respondent points out that section 1170.1 limits consecutive terms for felony convictions to one-third of the middle determinate term, but has no application to misdemeanor sentences. Respondent contends the trial court must have erroneously believed section 1170.1 applied to misdemeanors.

Respondent did not object to this sentence in the trial court and so has forfeited its claim. Under section 19, appellant Reyes' offense was punishable by a term "not exceeding six months." Thus, the two month term imposed in this case was a legally authorized term. At most, the trial court's decision to sentence Reyes to two months rather than six months was a failure to properly make a discretionary sentencing choice. (*People v. Scott* (1994) 9 Cal.4th 331, 353-354 [waiver doctrine applies to "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"; waiver doctrine does not apply to claims of "unauthorized" sentences, which are sentences that "could not lawfully be imposed under any circumstance in the particular case."].)[6]

## DISPOSITION

Appellant Reyes's two month term for his conviction of possession of burglar's tools (count 7) is to be served in county jail at the conclusion of his state prison term. His state prison term is corrected from seven years, six months in state prison to seven years, four months in state prison plus two months in county jail. The judgments of conviction are affirmed in all other respects.

---

[6] Further, as Reyes points out, when a sentence is legally authorized, it cannot be increased on remand after a successful or partially successful appeal. (*People v. Collins* (1978) 21 Cal.3d 208, 216.)

MINK, J.[*]

We concur:

TURNER, P. J.

KRIEGLER, J.

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.